[No. 13865. In Bank.— September 26, 1891.]

## JACOB HAYES ET AL., RESPONDENTS, v. S. H. FINE ET AL., APPELLANTS.

ORDER GRANTING NEW TRIAL — IMMATERIAL GROUND — ADMISSIONS OF
    PLEADINGS — FINDINGS — APPEAL — REVERSAL. —When undenied aver-
    ments of the complaint and findings not excepted to render the ground
    upon which a new trial was granted immaterial, and it can be justified
    upon no other ground, the order granting the new trial will be reversed.
ID. — ENJOINING DIVERSION OF WATER — OWNERSHIP OF DITCH — AGREE-
    MENT FOR ENLARGEMENT — FINDING AGAINST AGREEMENT — ENLARGE-
    MENT IMMATERIAL. — In an action to enjoin the diversion of water,
    where the pleadings admit the defendants' construction of the ditch in
    controversy, and the plaintiffs' title therein depends upon an alleged
    agreement that they should become tenants in common with the de-
    fendants in consideration of their extending and enlarging the ditch,
    and a finding that there is no such agreement is not excepted to, the
    question whether the ditch was materially enlarged by the plaintiffs is
    not material, and an order granting the plaintiffs a new trial upon the
    sole ground that a finding against them upon that question was not sus-
    tained by the evidence will be reversed.
ID. — ACQUISITION OF WATER RIGHT — PLEADING — VARIANCE — ENLARGE-
    MENT OF DITCH — NEW DITCH. —Where the complaint alleged that the
    plaintiffs became tenants in common with the defendants in the ditch
    and water rights in controversy by express agreement with the defend-
    ants, who were the then owners, in consideration of the plaintiffs' labor,
    the plaintiffs cannot recover upon an unpleaded theory, inconsistent
    with their allegation, that the labor done by them and the defendants
    in enlarging the ditch destroyed the identity of the original ditch and
    created a new one, in which the plaintiffs were entitled to share as ten-
    ants in common with the defendants.
WATER RIGHTS — TENANCY IN COMMON — REAL PROPERTY — STATUTE OF
    FRAUDS — EVIDENCE. — An absolute interest as tenants in common in a
    ditch and water right is an estate in real property; and an agreement by
    which such interest is to be acquired is within the statute of frauds,
    and cannot be proved, except by some note or memorandum thereof in
    writing.

APPEAL from an order of the Superior Court of Tu-
lare County granting a new trial.

The facts are stated in the opinion.

*Brown & Daggett*, for Appellants.

An interest in a watercourse, whether natural or arti-
ficial, is an interest in real property, and can be trans-
ferred only by an instrument in writing, or by operation

of law. (Angell on Watercourses, 7th ed., secs. 168–171; Washburn on Easements, 3d ed., 23, 24; Gould on Waters, secs. 300–321; 2 Wait's Actions and Defenses, 661; *Smith* v. *O'Hara*, 43 Cal. 371; Civ. Code, sec. 658; *Farmer* v. *Ukiah W. Co.*, 56 Cal. 11; *Lower Kings River etc. Co.* v. *Kings River etc. Canal Co.*, 67 Cal. 577.) The plaintiffs are not entitled, because they performed work and labor at the request and with the consent of defendants in enlarging the ditch, to have and own an interest in the ditch, but are only entitled to the reasonable value of the work and labor so performed. (*Kidder* v. *Boom Co.*, 24 Pa. St. 193; 3 Am. & Eng. Ency. of Law, 860, and cases cited.) The contention of the respondents that practically a new ditch was built is contrary to the allegations of the amended complaint, and the respondents will not be permitted to claim facts different from those pleaded. (1 Greenl. Ev., sec. 27; *Mulford* v. *Estudillo*, 32 Cal. 131; *Hall* v. *Polack*, 42 Cal. 218.)

*N. O. Bradley*, for Respondents.

The statute of frauds has no application to a case of this kind. The ditch as enlarged and extended was created by all of the parties, and as it is, and has been ever since its enlargement and extension, virtually a new ditch, no conveyance from the owners of the old ditch to those who enlarged it was necessary. (*Lehigh Irrigation Co.* v. *Moyle*, 9 Pac. Rep. 867; *Schilling* v. *Rominger*, 4 Col. 100; *Yonker* v. *Nichols*, 1 Col. 551.)

VANCLIEF, C. — Action to enjoin defendants from diverting water from plaintiffs' lands. Judgment for defendants. A new trial was granted; and this appeal is from the order granting a new trial.

The material allegations of the complaint are substantially as follows: That in 1869 the defendants constructed a water-ditch, known as the Rhodes and Fine ditch, conveying water from Tule River, a distance of about five miles, and being of an average width of eight feet on the bottom and one foot deep, and acquired rights to

water therefor to be used in irrigating their lands; that in 1876 the plaintiffs and others, "with the knowledge and consent of the then owners of said ditch and water rights (defendants and their grantors), and with the assistance of said owners, enlarged said ditch to a width of about sixteen feet on the bottom for a distance of about one mile from the head thereof, and deepened said ditch about one foot for a distance of about four miles from the lower end thereof; and about the same time, and with the knowledge and consent of the then owners of said ditch and water rights, and with their co-operation and assistance, extended said ditch about three miles farther in a westerly direction from the mouth thereof, said extension being about three feet deep and eight feet wide on the bottom; that at the time said ditch was so extended and enlarged, it was expressly understood and agreed by and between the then said owners thereof" and the plaintiffs or their grantors that the latter-named parties, "in consideration of such work of extending and enlarging such ditch as aforesaid, should become tenants in common with said owners in said ditch and extension, and of all water rights and privileges thereto pertaining"; that the plaintiffs and defendants are now, and for more than ten years last past have been, the owners and in the possession and use of said ditch and the extension thereof, and the water flowing therein, as tenants in common, the plaintiffs being the owners of the undivided twenty-nine sixty-sixths thereof; that during said period of ten years the plaintiffs, with their said co-tenants, have kept said ditch in repair, "and have used the waters thereof for the purpose of irrigating their lands situated along the line of said extension, . . . . and have used their said share of the waters . . . . openly, peaceably, continuously, notoriously, uninterruptedly, and under a claim of right, and adversely to the defendants and to the whole world, and with the knowledge and acquiescence of said defendants, except when prevented by the wrongful and unlawful acts of said defendants, as hereinafter stated"; that in

March, 1888, the defendants wrongfully diverted the water from the ditch at a point about one and a half miles above the head of said extension to such a degree that plaintiffs were and ever since have been thereby deprived of the use of their portion of the water, and that defendants threaten and intend to continue such diversion, etc.

In their answer the defendants deny all the material allegations of the complaint, except that they constructed the original ditch and continued to own and use it from . 1869 until 1876, and they aver that they still own the whole of it and are entitled to the use thereof. They deny that they co-operated or assisted in the construction of any extension of the original ditch, and disclaim any interest in such extension, which, they say, is improperly called an extension of their ditch, and which, they allege, was constructed by plaintiffs and others for the purpose of taking up and utilizing surplus water which defendants permitted to flow from the lower end of their ditch and there abandoned.

They admit that as a neighborly accommodation they have permitted the water to flow through their ditch to that of the plaintiffs (the alleged extension) whenever they (defendants) had no use for it.

They do not deny the diversion of the water from their own ditch, as alleged in the complaint, but claim they were entitled so to divert it.

The court filed written findings upon all the issues in favor of the defendants, and rendered judgment accordingly.

The plaintiffs moved for a new trial upon the grounds that certain findings of fact are not justified by the evidence, and that errors in law were committed at the trial.

In granting the motion for a new trial, the court rendered an opinion stating the ground upon which the motion was granted. The following is a copy of the opinion as brought here with the record, and certified to be correct by counsel for both parties: " Plaintiffs' motion

for a new trial of the above-entitled action came on regularly to be heard this day upon the judgment roll, and the bill of exceptions settled and filed in said cause, upon the ground stated in their notice of intention to move for a new trial; and it satisfactorily appearing to the court that the evidence introduced and received upon the trial of said cause is insufficient to sustain the second finding of facts heretofore found and filed by this court in this particular only, to wit: Said evidence shows that the Rhodes and Fine ditch, mentioned in the pleadings in said cause and in said findings of fact, was, during the winter of 1876, by work then done thereon by the persons named in the complaint, other than the defendants, from the head thereof down to the upper end of Kellogg cut, being a distance of about one mile and a half, was enlarged from an average width of eight feet on the bottom to an average width of twelve feet on the bottom, and below the head of said Kellogg cut said ditch was not, and has not been, materially enlarged by artificial means; that such enlargement was not done by or under any contract or agreement, and defendants did not assist therein, but they assisted in building and putting in the head-gate at that time; that with the exception above stated, said findings of fact are correct, and this court is satisfied with its conclusions of law heretofore filed; and this court being of the opinion that said erroneous finding will prevent the plaintiffs from being able to present to an appellate court the points of law on which they rely with the same force and effect as if said findings of fact had been originally correct in the above particulars; and this court being of the opinion that after judgment entered, and on motion for a new trial, it has no jurisdiction or authority to amend its findings, — now, therefore, because of the insufficiency of the evidence to support said finding as above specified, and for that reason only, it is ordered that said plaintiffs' motion for a new trial of said cause be and the same is hereby granted."

In view of certain undenied averments in the complaint, and findings of fact which are not excepted to,

the ground upon which the new trial was granted is immaterial. The averments in the complaint that defendants constructed the ditch and acquired the water rights in 1869, and owned both the ditch and water rights until 1876, not being denied but emphatically affirmed by the defendants, must have been taken as conclusively true for all purposes of the trial. From these averments it necessarily follows that defendants by some means must have parted with whatever interest or estate the plaintiffs acquired in the ditch and water rights in 1876 or thereafter; and consistently with this it is averred in the complaint that the plaintiffs acquired their alleged interest as tenants in common with the defendants by express agreement with defendants, the consideration for which, moving from plaintiffs to defendants, is alleged to have been work done by plaintiffs on the ditch in extending and enlarging it. The denial of this agreement by defendants raises the principal issue of fact in the case. If this issue has been properly decided in favor of the defendants, the plaintiffs are not entitled to any relief whatever in this action; for, without the alleged agreement, the mere fact that plaintiffs did more or less work on the ditch in extending and enlarging it gave them no estate or interest as tenants in common, or otherwise, in the original ditch or water rights owned by defendants in 1876. The only agreement that could be *implied* from the mere fact that plaintiffs did the work alleged, even at the request of defendants, would be, that defendants were to pay for the work so much as it was reasonably worth.

Upon this issue the finding of the court is: "That there never was, either in 1876 or at any time, any contract, agreement, or understanding by or between the then owners of said Rhodes and Fine ditch and said S. E. Dale, A. E. Scruggs, and J. Cattaneo, or either of them, that said ditch should be enlarged or extended, or that in consideration of such enlargement and extension, or for any consideration, said Dale, Scruggs, and Cattaneo, or either of them, should become tenants in common

with said owners either in said ditch or extension, or in any water rights or privileges belonging to said ditch."

This finding is not excepted to on any ground.

It follows that unless the order granting a new trial can be justified on some other ground than that upon which it is based by the opinion of the learned judge of the court below, it should be reversed.

It is conceded by counsel for respondents that there was no express agreement by which plaintiffs were to have or to acquire any interest in the ditch or water rights; and that, whether or not their alleged labor on the ditch, with the knowledge and consent of defendants, *implied* an agreement that they should become tenants in common, etc., is the vital question in the case. On page 3 of this brief, counsel for respondents says: "The first point made for appellants is, that 'the plaintiffs failed to prove that they had acquired any title to the ditch in controversy.' This is the vital question in this case. If the work of enlargement made by plaintiff S. E. Dale and others did not give them an interest in the ditch as now found, then plaintiffs have no interest in it."

All the findings of fact, except the second, as to which the new trial was granted, are fully justified by the evidence, and sustain the judgment without aid from the second finding.

The issues of fact seem to have been thoroughly tried. The testimony of seventeen witnesses on the part of the plaintiffs, and twelve for the defendants, occupy 250 pages of the transcript; and it seems extremely improbable that a materially different state of facts could be elicited by a new trial. Certainly, the facts alleged in the complaint could not be disputed by plaintiffs, and there is no exception to the finding that there was no agreement that plaintiffs should have an interest in the ditch or water rights; and no pretense that there was any such express agreement.

None of the errors in law specified in the bill of exceptions are well taken. The only one of them that can

be said to be involved in any point urged here by appellants' counsel, is, that the court erred in deciding that the agreement alleged in the complaint, by which the plaintiffs were to acquire interests as tenants in common with defendants in the ditch and water rights, is within the statute of frauds, and cannot be proved, except by some note or memorandum thereof in writing. In this there was no error, since the estate in the ditch and water rights the acquisition of which plaintiffs sought to prove is other and greater than a leasehold for one year. It is absolute ownership of an undivided part of the ditch and water right for the protection of which plaintiffs ask a perpetual injunction. That such an estate in the ditch and water rights is real property, and that an agreement for a conveyance thereof is within the statute of frauds, there is no question in this state. (Code Civ. Proc., secs. 1971, 1973; *Smith* v. *O'Hara*, 43 Cal. 371; *Bradley* v. *Harkness*, 26 Cal. 77; *Lower Kings River etc. Co.* v. *Kings River etc. Canal Co.*, 60 Cal. 408; Angell on Watercourses, secs. 168–171; Washburn on Easements, 23, 24; Gould on Waters, secs. 300, 321.)

After the court had ruled that the agreement could not be proved by parol evidence, plaintiffs' counsel asked and the court granted them leave to introduce evidence of the labor done by plaintiffs on the ditch, on the condition that they should afterwards connect it with written evidence of the agreement. On this condition, and without any apparent restriction, plaintiffs not only gave evidence of the labor done on the ditch, but of all that was orally said by both parties in connection with that labor, yet failed to introduce or to offer any evidence, parol or written, tending to prove the express agreement alleged in their complaint.

The evidence fails to show the amount or the proportion of the work done by the plaintiffs, or by either of them, but does show that a considerable portion of the work in repairing the ditch was done by persons who are not parties to the action, and who never claimed any interest in the ditch, but who were occasionally per-

mitted by defendants to use portions of the surplus water.

Counsel for respondents contends that the labor done by them and the defendants in enlarging the ditch destroyed the identity of the original ditch as described in the complaint, and created a new ditch, in which, by virtue of their labor, plaintiffs are entitled to share as tenants in common with defendants in the proportion that their labor bears to the whole labor of construction.

To say nothing of the impracticability of ascertaining on this theory what proportion of the alleged new ditch they are entitled to, the theory itself is inconsistent with the complaint. The allegation in the complaint that plaintiffs should become tenants in common with the defendants in the ditch and water rights by *express agreement with the defendants* — "the then owners" — in consideration of plaintiffs' labor is irreconcilably inconsistent with the theory that they became such tenants in common by merely assisting in the labor of enlarging the ditch. Their allegation is, in effect, that they acquired such title as they claim by purchase from the defendants, for which purchase their labor was the consideration. They now ignore the purchase theory, and claim title to an undivided portion of the ditch by virtue of having created it by the same labor that is alleged to have been the consideration for their purchase.

Other apparently valid objections might be made to this unpleaded theory; but for the purposes of this appeal it is enough that the theory is inconsistent with plaintiffs' complaint.

It is further contended for respondents "that defendants are estopped from denying that plaintiffs have an interest in said ditch and water," and also that plaintiffs acquired title by adverse user of the water for a period of more than five years.

Conceding that the facts necessary to sustain these points are averred in the complaint, which is doubtful, such facts are negatived by findings of the court which are fully justified by the evidence.

As the record discloses no ground upon which a new trial should have been granted, nor any reason for believing that a new trial can justly result in a judgment more favorable to the plaintiffs, I think the order granting a new trial should be reversed.

BELCHER, C., and FITZGERALD, C., concurred.

The COURT. — For the reasons given in the foregoing opinion, the order granting a new trial is reversed.