, [Sac. No. 447. In Bank.—April 14, 1899.]

P. N. BLANKENSHIP, Appellant, v. SAMUEL WHALEY et al., Respondents.

EASEMENT—INTEREST IN IRRIGATING DITCH—EXECUTED PAROL AGREEMENT —ENFORCEMENT AGAINST PURCHASER OF LAND. — An interest in an irrigating ditch constructed upon the lands of another is an estate in real property which is within the statute of frauds; but where the owner of the land made a parol agreement with the plaintiff and other persons, by the terms of which they were jointly to enlarge and increase the capacity of the ditch, and were jointly to use the ditch and the water flowing therein for irrigating purposes, and there was such an execution of the parol agreement on the plaintiff's part as to entitle the plaintiff to enforce it in equity against the original owner of the land, it may be enforced against purchasers from such owner, if they took with knowledge or notice of the plaintiff's equitable interest.

ID.—TITLE OF PURCHASERS AT ADMINISTRATOR'S SALE—CAVEAT EMPTOR—
RECORD TITLE—NOTICE OF DEFECTS.—Purchasers of land at an ad-
ministrator's sale are subject to the maxim *caveat emptor*, and
are not warranted in the title purchased; but they are never-
theless subject to the recording acts, and are not charged with
constructive notice of secret defects which do not appear of rec-
ord when their deed is recorded.

ID.—NOTICE OF PLAINTIFF'S RIGHTS—PLEADING—PROOF—OMISSION TO
FIND.—If there is nothing of record to charge the purchasers with
notice of plaintiff's rights when their deed was recorded, it is
incumbent upon the plaintiff, who seeks to enforce the executed
parol agreement as against such purchasers, to plead and prove
that they took the title with notice or knowledge of the plain-
tiff's rights, and an omission to find upon that material question
is ground for reversal of a judgment in favor of the plaintiff,
enforcing his rights as against the purchasers.

ID.—RESERVATION IN ADMINISTRATOR'S DEED—ORDER OF COURT—AMBIGU-
OUS FINDING.—An administrator is not authorized to make a reser-
vation in his deed which will operate to create any new in-
terest in the land in favor of the plaintiff; but he may, pur-
suant to an order of court, note existing rights of the plaintiff,
and except them from the operation of the conveyance of the
interest of the decedent, and in such case the purchaser would
take with notice of those rights. A finding that the adminis-
trator's deed was "duly executed pursuant to an order of the
superior court" is ambiguous, and insufficient to show that the
exception of plaintiff's rights was authorized.

APPEAL from a judgment of the Superior Court of Tulare
County. Wheaton A. Gray, Judge.

The facts are stated in the opinion of the court.

E. W. Holland, and Bradley & Farnsworth, for Appellant.

T. E. Clark, and William W. Cross, for Respondents.

HENSHAW, J.—By his action plaintiff seeks an injunction
restraining defendants from interfering with him in the use of
a certain ditch upon the lands of defendants. Plaintiff avers
that he "constructed a certain irrigating ditch" upon lands
which were at the time the lands of one R. G. Rogers, under
an agreement with Rogers that he, plaintiff, was to have the
perpetual right to the use of the ditch for the purpose of con-
ducting water to his lands, together with the right at all times
to enter upon the premises of Rogers to repair the ditch and

keep it in proper condition. He alleged that for ten years last past he had openly and notoriously and adversely to all others used the ditch for the indicated purpose; that about a year before the commencement of the action the defendants became the reputed owners of the land upon which the ditch is constructed, but that they became such owners with full notice of the existence of the ditch and of plaintiff's rights therein and thereto. Prior to the commencement of the action defendants informed plaintiff that they would not then nor at any time in the future permit him to use the ditch, or run water through it to his lands, or enter upon the lands for the purpose of repair of the ditch, or for any purpose whatsoever. Fifteen acres of plaintiff's land consists of high, sandy soil sown to alfalfa, of the value of fifty dollars per acre. It can be irrigated only by water conducted through the ditch, and without being irrigated the land and the crop growing thereon would be rendered entirely worthless. Unless plaintiff is permitted to use the ditch and run the water through the same without delay, his crop will be destroyed, and he will suffer great and irreparable damage. The answer denied all the material averments of the complaint, excepting the ownership of the land, and it is specifically denied that defendants acquired ownership with any knowledge of any rights of the plaintiff in and to the land or to the ditch. The court found that plaintiff did not "construct" any ditch upon the land of Rogers at all, but it found that during the year 1887, while Rogers was the owner of the land, plaintiff and Rogers "entered into a parol agreement, by the terms of which plaintiff, Rogers and others were to do the work of enlarging and increasing the capacity of the ditch mentioned and referred to in plaintiff's complaint herein, and, in consideration of said work being done as aforesaid, the parties performing the same were to have the use of said ditch and the water flowing therein, and jointly use the same during the irrigating season for irrigating purposes; that pursuant to said agreement the work of enlarging the said ditch and increasing the capacity thereof was done by said plaintiff, the said Rogers and others, the said work being finished during the year 1887." "Thereafter, at various times between the year 1887 and the year 1893, the said parties to said agreement used

said ditch and the water flowing therein for irrigation purposes." "No written conveyance of any interest in said ditch, or the water flowing therein, was ever made by said Robert Rogers or anyone else to plaintiff." "On the twenty-eighth day of October, 1895, the said land (of Rogers), and all ditches and water rights appertaining thereto, upon, over and across the same, together with the use and possession thereof, were by the administratrix of the estate of Rogers, then deceased, conveyed to the defendant Samuel Whaley by a deed duly executed by said administratrix in pursuance of an order of the superior court of Tulare county, state of California."

"In addition to the conditions and covenants usually contained in conveyances of real estate, the deed above referred to contained the following language, to wit: 'Saving and reserving from the premises above described, and from the operation and effect of those conveyances, all the right, title, and interest in and to the old chartered ditch and the water flowing and to flow therein, for the use and benefit of the lands and premises known and described as sections 9 and 10, in township and range, and it is hereby fully understood and agreed by and between the parties hereto that the said ditch shall be and remain, and the same shall continue over and across the lands and premises hereby conveyed to said lands and premises hereinbefore described as sections 9 and 10, which shall retain and be entitled to all their rights and privileges in and to said ditch and the water therein flowing, and the lands hereby conveyed shall have and are entitled to their *pro rata* share of water from said ditch, and all the right and title to the lands hereby conveyed in and to said ditch, and all persons having an interest in or to said ditch, may lawfully enter upon said premises to repair or clear said ditch at any time while using the water therefrom on their said land.' "  Plaintiff's land is in section 10.

No finding was made as to the defendants' knowledge or lack of knowledge of the alleged rights of plaintiff at the time they obtained title to the ditch and lands. From these findings the court concluded that the defendant Samuel Whaley was the owner in possession and entitled to the possession of the lands, and the control of all ditches upon and across his lands in connection with his cotenants, of whom plaintiff was not

one, and that the plaintiff had no right, title, or interest in and to the ditch upon and across the land for any purpose whatever. Judgment followed for defendants, and plaintiff appeals upon the judgment-roll.

Notwithstanding the fact that the interest to which plaintiff pleaded he was entitled is an estate in real property, and that an agreement for the conveyance thereof is within the statute of frauds — a proposition which is well settled in this state (*Hayes v. Fine,* 91 Cal. 391); and, notwithstanding the further fact that the court finds that the agreement in this case was in parol, nevertheless the court further finds such an execution of the parol agreement as under the authority of *Flickenger v. Shaw,* 87 Cal. 126, 22 Am. St. Rep. 234, would entitle the plaintiff to a specific performance of the agreement, and to a conveyance of the interest which he claims, had his action been prosecuted against the original owner, Rogers. The findings, it will be noted, declare that such an agreement was entered into; that plaintiff performed his part of the agreement; and that he thereafter used the water at different seasons under the agreement. If the defendants purchased the land, the ditches and the rights appertaining thereto with knowledge or notice of plaintiff's interest, which interest stood not as a legal interest, but as an interest subject to equitable cognizance only, plaintiff would have the unquestioned right to enforce it against them. To save this point he pleaded that the defendants took the property with knowledge of his rights. Defendants acquired title at the administrator's sale. At such a sale the maxim *caveat emptor* is held to apply; but, while the purchaser at such a sale is not warranted in his title, and is chargeable with knowledge and notice of that of which by the exercise of due diligence he could have acquired knowledge, he is still protected by the recording acts, and secret defects in a title apparently good are as to him no defects at all. (*Love v. Berry,* 22 Tex. 371; *Banks v. Ammon,* 27 Pa. St. 172.) There being nothing of record to charge the defendants in this case with constructive knowledge of plaintiff's right, it became incumbent upon plaintiff to plead and prove that they took title with knowledge. Upon this material issue there is absolutely no finding whatsoever.

Again, by the findings it appears that the administrator's deed, through which defendants deraign title, was "duly executed in pursuance of an order of the superior court." The deed contained the exception or reservation above set forth. The administratrix could not by any reservation or exception in her deed, whether made in pursuance of an order of court or not, create a new right or interest in the land conveyed, in the ditch, or in the waters flowing therein, but, if at the time of the deed there were any such existing rights, it was perfectly proper for the administratrix under order of court to have noted those rights and excepted them from the conveyance of the interest of the decedent. The finding in this regard is ambiguous. It declares that the administratrix duly executed her deed pursuant to the order of court. If, in truth, the court had ordered the deed to be made with such exception in recognition of plaintiff's rights, defendants in taking the deed would have been charged with notice of them. But if, however, this language in the deed was but an unauthorized attempt of the administratrix to declare a reservation, and create an interest where one did not exist, then it was void and of no avail.

Thus it appears that the findings are insufficient to support the judgment, for lack of an essential finding as to the knowledge of defendants. If defendants took with knowledge of plaintiff's right, the other findings of the court clearly establish that this right was sufficient to entitle plaintiff to an execution of the parol agreement.

The judgment appealed from is reversed and the cause remanded for a new trial.

Temple, J., McFarland, J., Harrison, J., Van Dyke, J., and Garoutte, J., concurred.