[Sac. No. 1020.    Department Two.—March 18, 1904.]

## P. N. BLANKENSHIP, Respondent, v. SAMUEL WHALEY et al., Appellants.

WATER-RIGHTS—USE OF DITCH ON LAND OF DEFENDANTS—EXECUTED PAROL AGREEMENT—INJUNCTION—PURCHASE WITH KNOWLEDGE OF PLAINTIFF'S RIGHT—FINDINGS—LAW OF CASE.—In an action to enjoin the defendants from interfering with the right of the plaintiff to use a ditch on the land of the defendants in common with the defendants, for the purpose of conducting water to plaintiff's land for irrigation, under an executed parol agreement with the grantor of defendants, where it was held upon a former appeal that if the defendants had knowledge of plaintiff's rights when they obtained title to the ditch and land, plaintiff, upon the facts found, was entitled to an injunction in enforcement of the parol agreement against them, and the facts found upon sufficient evidence are the same upon the second appeal, with a finding of such knowledge sustained by the evidence, the decision upon the former appeal is the law of the case, and an injunction granted to the plaintiff will be upheld upon a second appeal.

ID.—PLEADING—AMENDMENT OF COMPLAINT TO CONFORM TO PROOFS—CAUSE OF ACTION NOT CHANGED.—Where the complaint mistakenly alleged that the parol agreement was made with one of defendants' grantors, who was then the owner of the land, and the evidence showed that his mother was then the owner, and that the agreement. was in fact made with her son, named in the original complaint as her agent, and that she authorized and ratified the agreement, it was proper to allow an amendment to the complaint to conform to the

proofs. Such amendment did not change the cause of action, and could not have operated to the prejudice of the defendants.

ID.—SUPPORT OF FINDINGS.—The evidence reviewed and found to be sufficient to support the findings.

APPEAL from a judgment of the Superior Court of Tulare County and from an order denying a new trial. W. B. Wallace, Judge.

The facts are stated in the opinion of the court.

T. E. Clark, and Maurice E. Power, for Appellants.

E. W. Holland, Bradley & Farnsworth, and Theodore S. Shaw, for Respondent.

ANGELLOTTI, J.—Plaintiff had judgment decreeing him to have the perpetual right, jointly with defendants Whaley (husband and wife) and others, to the use of a certain ditch on the land of defendants Whaley, for the purpose of conducting water through and in the same for irrigating purposes, and the right at all times to enter upon said land for the purpose of doing all things necessary to the maintenance of the ditch, and granting him an injunction restraining the defendants from interfering with him in the exercise of such right to the use of said ditch.

The defendants Whaley appeal from the judgment and from an order denying their motion for a new trial.

The case has been here before on an appeal by plaintiff on the judgment-roll from a judgment in favor of the defendants.

It was held by this court on the former appeal that the findings of the court upon the issues made by the pleadings were such as to entitle the plaintiff to the relief sought by him, if the defendants Whaley had knowledge of plaintiff's rights at the time they obtained title to the ditch and the land over which it runs. The trial court had not clearly found upon this issue of knowledge, and for that reason the judgment was reversed, this court saying: "Thus it appears that the findings are insufficient to support the judgment, for lack of an essential finding as to the knowledge of defendants. If defendants took with knowledge of plaintiff's right, the other findings of the court clearly establish that this right was

sufficient to entitle plaintiff to an execution of the parol agreement." (*Blankenship* v. *Whaley,* 124 Cal. 300.) The issues made by the pleadings and the findings of the court on the former trial are set forth in the opinion of this court on that appeal, and an examination of the record on this appeal develops the fact that there has been no substantial change therein, except that it has now been found that at the time they became the owners of the land on which the ditch is situated, the defendants Whaley had notice of plaintiff's right to the use thereof. This finding would appear, under the decision of this court on the former appeal, to render the findings sufficient to support the judgment.

The question as to the effect of the findings that the plaintiff "and others" "enlarged" the ditch under an agreement by which "they" were to have a perpetual interest in the ditch, while the allegations of the complaint were that the "plaintiff" "constructed" the ditch under an agreement by which "he" was to have such interest, was necessarily involved in the former decision, and expressly noted in the opinion. The variance was probably not regarded as material, but whatever the basis of the ruling, the former decision has become the law of this case, so far as this contention of appellants is concerned.

The same is also true of the contention of the appellants as to the effect of the findings that there was no written conveyance or agreement, and that the agreement was in parol. This court, in the former decision, said that the findings showed such an execution of the parol agreement as would entitle the plaintiff to enforce the agreement. The findings on this appeal not being materially different in this respect, the law of the case disposes of this contention of appellants.

The original complaint alleges that the work was done upon lands which were at the time the property of one R. G. Rogers, under an agreement with him. At the conclusion of the taking of evidence on the trial, the trial court allowed the plaintiff to amend his complaint by striking out the name of R. G. Rogers, and inserting in lieu thereof the name of Catherine Curtis as the person who was then the owner of the land, and with whom the agreement was made.

There was no error in this. It was developed at the very commencement of the trial that Robert G. Rogers was not

the owner of the property at the time of the agreement, but that the title was then in his mother, Catherine Curtis. Rogers acquired the property some four years later, and his administratrix in 1895 transferred it to defendants. The record shows that the case was tried upon this theory, plaintiff's claim being, that, as the agent of Mrs. Curtis, Rogers was authorized to make the agreement, and that Mrs. Curtis ratified the same.

The amendment in no way changed the cause of action, but was simply made to conform to the proof, and could not under the circumstances have operated to the prejudice of defendants.

It is urged that the evidence was insufficient to sustain the findings of the court in many respects.

Much of this contention is based upon the fact that the evidence failed entirely to sustain certain allegations of the complaint as to ''construction,'' etc., and at most tended to support findings at variance with said allegations. These matters have already been referred to in discussing the difference between the findings and the allegations of the complaint. If the findings in this respect accord with the evidence, there is of course nothing in the objection that the evidence fails to support such findings.

The trial court, after finding that plaintiff and others, enlarged the ditch, found as follows: ''That said. ditch was enlarged on the above-described land by plaintiff, said Catherine Curtis, and others, as above found, under a parol agreement with said Catherine Curtis, who was at said time the owner of and seized in fee and in control and possession of said land; that said plaintiff, jointly with said Catherine Curtis and others, was to have the perpetual right to the use of said ditch for the purpose of conducting water through the same for the irrigation of his and their lands, and the right at all times to enter upon said premises to repair and keep in proper condition for the purpose of conducting water therein to certain lands owned by said plaintiff, hereinafter described in these findings, for the irrigation of the same and for the irrigation of the lands of said Catherine Curtis and others; and that ever since the early part of the year 1887 said plaintiff has continuously, openly, notoriously, but not adversely, used said ditch for the purpose of conducting water

to and for the purpose of irrigating the land owned by him hereinafter described, during the irrigating season of each year.''

This finding is earnestly assailed by defendants as to every fact therein stated, but we cannot say that the conclusions of the trial court therein expressed do not find sufficient support in the evidence.

It is not disputed that the ditch was very materially enlarged and rendered much more valuable by the work done upon it. It was originally a small affair, about a foot and a half wide, carrying a very small head of water. It was transformed into a ditch six feet wide on the bottom, about nine feet wide at the top, and from two and a half to three feet in depth. The head of the new ditch was lower than that of the old, and the water of the river was thereby made to more freely enter it. This work was done by R. G. Rogers and plaintiff and two others, all of whom were solicited by Rogers to do the same upon some agreement as to the use by them of the ditch, or the water flowing therein. As to all this there is no dispute.

The question as to which there is a dispute is as to what that agreement was. There was testimony to the effect that Rogers asked them ''to go in with him'' in the matter, told plaintiff that it was the only way by which he, plaintiff, could irrigate portions of his land, and agreed with him that they would make the ditch large enough so that it would carry water enough for them all, that they (the original owners and plaintiff, Hudson and Brown, who assisted in the work) could all have water and an interest in the ditch, and that this was the agreement upon which the work was done.

This evidence was a sufficient basis for a finding that the work was done under an agreement that the plaintiff, with the others interested in the ditch, was to have the perpetual right to the use of such ditch for the purpose of conducting water through the same for the irrigation of his land. The word ''jointly'' as used in this finding and in the judgment, means only that his right to such use is in no degree exclusive or superior to the right of others interested therein, but that he, with Mrs. Curtis and her successors and the others interested, have the right together as a common right.

Plaintiff's right to enter upon the premises to repair and

keep the ditch in proper condition for the purposes for which it was enlarged is to be inferred from the fact of his right to the use of the ditch, and the finding in that respect is therefore sustained by the evidence. The language of the finding and judgment in this regard is not such as to authorize plaintiff to do anything in regard to the ditch that would impair the use of the same by the others interested therein. There was also evidence sufficient to sustain a finding that the plaintiff had used the ditch during the years 1889, 1891, 1892, and 1893, taking the water therefrom to his land by means of a slough traversing the land now owned by defendants, and again in 1896 by means of a canal, constructed in 1894 or 1895, that intersects the ditch and runs over his land, and that his right to use water from the ditch was never interfered with until the time alleged in the complaint,—viz., 1897.

Much reliance is placed by defendants upon the fact that this ditch in no place touches plaintiff's land. While he has been allowed, as above stated, to use, on certain occasions, a so-called natural slough on defendants' land for the purpose of carrying water from the ditch to his land, it does not appear that he has any legal right to use such slough, and the decree herein does not adjudge that he has any such right, or warrant him in using the same. But his right to use the ditch for the benefit of his land may exist, although he can enjoy the same only by procuring a right of way over which to carry water therefrom through the intervening lands to his land. The record shows evidence to the effect that since the commencement of this action he has procured such a right of way over land not belonging to defendants.

It is urged that the evidence shows that the agreement was made with Rogers, and not with Mrs. Curtis, the owner of the land. Rogers, the son of Mrs. Curtis, was her agent in possession of the land, and had the management of the land. She testified that at the time the ditch was enlarged Rogers was acting as her agent and did her business. He advised her of the necessity for the work, and, as she testified, told her that he had asked plaintiff, Hudson, and Brown to assist him in the matter, "and they could get water in their turn." She testified that she told her son that she was satisfied, and further testified that she knew of the subsequent use of the ditch by these parties, and was satisfied that they should have

an interest in the ditch so long as she owned the land. We are of the opinion that the evidence was sufficient to support the conclusion of the court that Mrs. Curtis was fully advised by Rogers of the proposed agreement and authorized the same, and acquiesced in the subsequent use, and that the finding that the agreement was made by her is therefore not erroneous. In this connection it may be noted that Rogers, who acquired the land in 1891, never repudiated the agreement, and that one witness testified to a declaration made by Rogers in 1893, to the effect that plaintiff had a right to use the water from this ditch. The finding of the trial court to the effect that the defendants at the time of their purchase had notice of plaintiff's right is assailed. We cannot say that it is not sufficiently supported by the evidence. Defendant Samuel Whaley, to whom the property was transferred by the deed of the administratrix, had lived in the neighborhood for several years prior to the purchase by him, and the evidence indicates that he knew that plaintiff irrigated this land, and that he must have known that up to the year 1904 plaintiff had no way of so irrigating other than by means of this ditch. A clause in the deed of the administratrix purporting to save and reserve from its effect certain rights in the ditch "for the use and benefit of sections nine and ten which shall retain and be entitled to all their rights in and to said ditch and water flowing therein" was read to Mr. Whaley before the delivery of the deed, and there was some evidence to the effect that it was then and there explicitly stated to him that plaintiff, whose land is in said section ten, was entitled to an interest in the ditch and owned an interest therein. Whether this evidence was true was for the trial court to determine.

The remaining findings are attacked, but so far as they are material we find them to be sufficiently supported by the evidence.

The judgment and order are affirmed.

Shaw, J., and Van Dyke, J., concurred.

Hearing in Bank denied.