[Sac. No. 1193. Department Two.—September 26, 1905.]

## J. CHURCHILL, Appellant, v. J. F. RUSSELL and META A. RUSSELL, Respondents.

WATER-RIGHTS—TRANSFERS—STATUTE OF FRAUDS—EXECUTED ORAL CON-TRACT—SPECIFIC PERFORMANCE. — An appropriated water-right is an interest in real property, a transfer of which is required to be in writing by the statute of frauds. But where an oral contract for the transfer of an interest therein has been fully performed by the proposed transferees, and the quantity of water agreed upon has been actually taken into possession, and conducted to their land and used thereon for irrigation and cultivation, and permanent improvements have been placed thereon in connection with such use, they have an equitable title which may be enforced against the contracting party or his vendee with notice; and the statute of frauds cannot be interposed as a bar to a specific performance of such parol contract, either by the contracting party or by such vendee.

ID.—TRANSFER OF LEGAL INTEREST—INJUNCTION—EQUITABLE DEFENSE—PLEADING—FINDINGS.—Where the contracting party has transferred the legal title, and his vendee seeks to enjoin the equitable owners from the use of any part of the water, it is essential to an equitable defense to plead and prove that the purchaser took with actual or constructive notice of the equitable right of the defendants resting upon the parol agreement; and for want of a proper defense and finding upon that subject a judgment for the defendants must be reversed.

APPEAL from a judgment of the Superior Court of Siskiyou County and from an order denying a new trial. J. S. Beard, Judge.

The facts are stated in the opinion of the court.

Gillis & Tapscott, for Appellant.

R. S. Taylor, for Respondents.

LORIGAN, J.—This action is brought to restrain the defendants from diverting the waters of Butte Creek, in Siskiyou County. There is no question in the case but that the predecessor in title of the lands to which said water-right is appurtenant, Charles B. Boyes, as early as 1877 appropriated for purposes of irrigation the waters of said stream to the extent of one thousand inches, measured under a four-inch pressure, which is practically the full flow of said stream in the irrigation season, and that the appellant succeeded to said water-right by purchase from the original proprietor of the Boyes ranch and this water-right appurtenant thereto, unless by reason of the facts alleged in the answer of defendants, and found by the court to be true, the judgment in their favor that they are the owners, by a right prior to the plaintiff, of twenty inches thereof, is warranted. In their answer the defendants, while in effect admitting that as early as 1877 Charles B. Boyes had appropriated the waters of said creek, alleged, as a defense to the claim of plaintiff as his successor in interest to all said waters and as a basis for their asserted claim that they were the owners of twenty inches thereof, facts which the court found supported by the evidence, and upon which it made the following finding: "That since the year 1888, defendant Meta A. Russell has been the owner of and in the possession of the N. E. ¼ of section 24, township 45 N., of range 2 W., Mt. Diablo meridian. That said land is agricultural land, and needs water to irrigate the same. That in the year 1888 Charles Boyes, the predecessor of plaintiff, as an inducement to said Meta A. Russell to take up said land as a homestead, promised and agreed that, if she would do so, then she should always have and own and use at all times 20 inches, measured under a 4-inch pressure, of the said waters of Butte Creek. That, relying upon such promise, said defendant took up said land as a homestead and purchased the improvements thereon, belonging to one Snell, and thereafter took and used said 20 inches of water each and every year for the period of 14 years, and made valuable improvements upon said land." Upon this finding a judgment declaring the defendants to be the owners of said water to the extent of their claim to twenty inches was entered, and plaintiff appeals from said judgment and from an order denying his motion for a new trial.

The principal, though not the only, attack in the case is made upon this finding. It is insisted not only that it is not supported by the evidence, but that, even if so supported, it furnishes no warrant in law for the judgment based upon it. As far as the first point is concerned, it is .enough to say that the finding is supported by the direct evidence of the defendant J. F. Russell, which was substantially sufficient to warrant the court in making it. This would make any further reference to the evidence on this subject unnecessary, if it were not for the other point made by appellant as to the legal sufficiency of the finding to support the judgment.

The evidence, briefly stated, shows that after Boyes had appropriated the waters of Butte Creek, including the twenty inches in controversy, and prior to August, 1888, one Snell was in the occupancy of the quarter-section mentioned in the quoted finding as a squatter. The defendant J. F. Russell had in contemplation the purchasing of Snell's right and interest in the land—possession and improvements—for the benefit of his co-defendant, and went to see Boyes in relation to it. Upon this subject he testifies: "Before we bought the Snell place, I went to see Charlie Boyes; and I told him I was thinking of purchasing the Snell place, and that my wife could take it up—she and I was not married then—and I told him I didn't want it unless I had some water to go with it, and he said he didn't want Snell there, and, if I would get him off, he said, 'I will give you 20 inches of water.' And I says: 'Will you give it to us for all time?' And he said, 'Yes, the title to it.' And that is the title I have of it." Immediately after this interview, and as a result of their agreement, the defendants in August, 1888, purchased Snell's possessory right to the land, went into possession, and the defendant Meta Russell made a homestead entry upon it as public land of the United States. They forthwith constructed a ditch and conducted therein from Butte Creek to and upon their premises the twenty inches of water which Boyes had agreed to convey to them. This land upon which they had settled, though agricultural land, required water for irrigation, and without it profitable crops could not be raised thereon. The defendants immediately commenced improving their property, utilizing this water for that purpose. There was but comparatively little land cleared off when they took possession—some eleven

acres. In 1889 they cleared off and broke up some thirty acres additional and planted it to hay and grain. In 1891 they set out a small orchard. The following year more land was cleared, bringing the cultivable land up to near fifty acres. All this land, aside from the orchard, was planted in part to grain and hay, and part to timothy and clover, and produced profitable crops through the use of this water. Subsequent to 1892 additional land was cleared off and brought under cultivation, said water also being used in irrigating the same up to the commencement of this action—some fourteen years—and improvements of a permanent character were placed upon the premises by the defendants. It is unnecessary to particularize further as to these matters, because what we have especially referred to is sufficient for the consideration of the point made by appellant relative to the agreement between Boyes and defendants and the right of the defendants to the twenty inches of water in question which they claim under it. Boyes died in 1890. Plaintiff purchased the Boyes ranch, to which the appropriated waters of Butte Creek were appurtenant, probably about 1895. The date is uncertain from the testimony. This action was commenced in 1901. There was no conveyance in writing of the twenty inches of water in question made by the original appropriator, Boyes, or any one else, to defendants. Whatever interest the defendants acquired to it rested in parol, and the point made by appellant is that the interest which the defendants asserted in the water-right so appropriated by Boyes is an estate in real property, and that the agreement for the conveyance thereof, not being in writing, is within the statute of frauds, and void.

That the interest asserted by defendants to have been acquired under the agreement with Boyes is an estate in real property, and that an agreement for the conveyance of such an interest is within the statute of frauds, is the settled law of this state. (*Hayes* v. *Fine*, 91 Cal. 398 [27 Pac. 772].) And were this the only matter for consideration relative to the finding, it is obvious that the appellant's contention would be unanswerable. But although the court finds that the agreement is in parol, still the other facts found by it show such an execution of a parol agreement as, under the authorities, takes it out of the statute. It is found by the court that

the agreement with reference to the acquirement of the land by defendants and their right, if they did so, to the absolute ownership of twenty inches of the water theretofore appropriated by Boyes was in fact made, that defendants performed in every particular their part of the agreement, and that they actually took possession of the quantity of water agreed on, conducted it to their land, and utilized it thereon until the commencement of this action, under the circumstances and conditions particularly disclosed by the evidence to which we have referred, and which are in general terms stated in the finding in question. Had the defendants brought an action against Boyes during his lifetime for a specific performance of the agreement, by compelling a conveyance to them of the interest in the water-right which they now claim, and the court had made the same finding which it made in the case at bar, which, save as to the fourteen years' use, the evidence would have fully justified, there could be no question but that they would have been entitled to a decree for specific performance. The statute of frauds could not have been there interposed as a barrier. Neither can it be interposed here. Performance on the part of defendants of their part of the agreement, their possession of the water under it, together with the equitable considerations which are disclosed by the finding, create a perfectly equitable title in defendants to this water-right, which they could effectually assert against appellant, notwithstanding the agreement between his predecessor and the defendants rests in parol. Without referring to the general authorities in support of the conclusion we have reached, that the facts in this case, as found by the court, take the agreement in question out of the statute of frauds, the cases of *Flickinger* v. *Shaw*, 87 Cal. 129 [25 Pac. 268, 22 Am. St. Rep. 234], and *Blankenship* v. *Whaley*, 124 Cal. 300 [57 Pac. 79], discuss the same general principles involved here, with reference to parol contracts for the conveyance of water-rights, and sustain the view we have announced in the case at bar.

But while satisfied that the objection of appellant to the legal sufficiency of this finding, considered by itself, to support the judgment is not well taken, we are satisfied that for another reason urged by appellant—the absence of an essential finding—the judgment will have to be reversed. It is nowhere averred in defendants' answer, nor is it found by the court,

that appellant, when he purchased the Boyes ranch and the right to the waters of Butte Creek as appurtenant thereto, had any notice of the equitable interest of defendants to any part thereof. It is conceded in the answer that the legal title to all of such water-right, including the interest therein now claimed by defendants, was originally vested in Boyes, and that plaintiff succeeded to the legal title therein which Boyes had acquired. The only interest which the defendants acquired, and which they asserted in the twenty inches thereof, accrued subsequently, and was an equitable one. Proof of its existence rested solely in parol. There was nothing of record to charge the plaintiff with knowledge of its existence or the claim of defendants thereto. The legal title to the entire water-right being then in Boyes, the plaintiff, having acquired it by purchase from him, took it free from any equitable claim of defendants, unless plaintiff purchased it with actual or constructive notice of their equitable rights. Under these circumstances it was necessary for the defendants, in asserting their equitable interest, to allege and prove, and for the court to find, the existence of such notice in order to support their equitable claim. This proposition is so familiar that no citation of authorities is necessary to support it. No such averment or finding of notice was made, and as it was not only essential for the court to find that at the time of the purchase by plaintiff of the legal interest of Boyes in the water-right, an equitable interest therein in fact existed in favor of defendants, but also that plaintiff purchased with either actual or constructive notice of it, the failure of the court to find upon this essential matter of knowledge renders the findings which were made insufficient of themselves to support the judgment.

Other findings besides the one which we have heretofore discussed are challenged as also unsupported by the evidence. It is unnecessary to give this claim any extended consideration. All these findings are to the effect that plaintiff is entitled to the waters of Butte Creek, except as to the twenty inches which have been used by defendants. The point made is that the evidence does not sustain this exception. But as we have held that the evidence supported the principal finding in favor of defendants, it necessarily follows that it supports the exception referred to in the other findings. These are the

only points presented on the appeal which have been urged or which require consideration.

As the judgment cannot be supported in the absence of a finding as to the knowledge of plaintiff of the existence of defendants' equitable interest in the waters of Butte Creek at the time plaintiff acquired the legal title of the original appropriator, Boyes, thereto, the judgment and order are reversed and the cause remanded for a new trial.

Henshaw, J., and McFarland, J., concurred.

Hearing in Bank denied.

Beatty, C. J., dissented from the order denying a hearing in Bank.