### HENRY STOFFER v. LOUISA STOFFER.

*Divorce for desertion.*

Divorce, as for desertion, was granted a husband where his wife had left him against his protest, and in response to peremptory demands he had made provision for her and she had given him a release of claims on his property; and where, also, the parties were old and had been married only a month, and though there was no evidence of collusion, the case was undefended.

Appeal from Eaton. (Hooker, J.) Apr. 27.—Apr. 27.

DIVORCE bill. Complainant appeals. Reversed.

*Sagendorph & Powers* for complainant. Separations between married persons will be sustained where proper provision has been made for the wife, for the purpose of ending controversies and preventing litigation : *Randall v. Randall* 37 Mich. 563 ; *Compton v. Collison* 2 Bro. Ch. 377 ;

*Hutton v. Hutton* 3 Penn. St. 100; *Dillingers' Appeal* 35 Penn. St. 357; *Baker v. Barney* 8 Johns. 73; *Shelthar v. Gregory* 2 Wend. 422; *Corson v. Murray* 3 Paige 483.

PER CURIAM. Divorce is prayed in this case for the cause of desertion. The facts appear to be that the parties were married when the one was fifty and the other sixty years of age; that after living together a little more than a month the defendant avowed her purpose to separate from her husband and never live with him again; that he was opposed to the separation and endeavored through a friend to prevent it without success; that defendant demanded money from him when she went away, and that he gave her five hundred dollars, in return for which she gave him a release of claims upon his property. The separation took place more than three years before the bill was filed, and the parties have never lived together since.

If the separation had been by voluntary arrangement, the living apart in pursuance of it could not be called desertion. But in this case it appears that the separation was forced upon complainant against his desire. The provision he then made for his wife was made in pursuance of peremptory demands, and probably to avoid litigation; and we incline to hold that it should not preclude the redress he seeks. We can hardly say that the original fault was mutual; and though the case is undefended, there is no evidence of collusion.

The prayer of the bill will therefore be granted.