[No. 11677.   Department Two. — October 29, 1887.]

WILSON CAREY, RESPONDENT, v. NANCY G. CAREY, APPELLANT.

DIVORCE — DESERTION — FINDING — EVIDENCE. — In an action of divorce, a finding that for more than one year prior to the commencement of the action the defendant had willfully neglected and refused to live with the plaintiff, and at all of such time had the intent to desert him, *held*, supported by the evidence.

APPEAL from a judgment of the Superior Court of San Joaquin County, and from an order refusing a new trial.

The facts are stated in the opinion.

*James A. Louttit, S. D. Woods,* and *A. L. Levinsky,* for Appellant.

*W. L. Dudley,* for Respondent.

BELCHER, C. C. — The plaintiff and defendant were married in June, 1879, and thereafter lived together as husband and wife until some time in December, 1882. They had no children, and, so far as appears, no common property. In January, 1883, the defendant commenced an action against her husband for a divorce. It does not appear upon what ground the divorce was asked, but the case was tried in May, 1883, and the divorce denied. In August, 1884, this action was commenced by the plaintiff to obtain a divorce from the defendant, on the ground of willful desertion. The defendant, by her answer, admitted that she had not, since the nineteenth day of December, 1882, cohabited with the plaintiff, but alleged that her failure so to do had been by reason of the refusal and neglect of the plaintiff, and not by reason of any act or fault on her part. After trial, the court below, among other things, found, — "that for more than one year prior to the commencement of this action defendant willfully neglected and refused to live with plaintiff, and at all of said time had the intent to desert him." And as a conclusion of law, it was found "that the defendant, Nancy G. Carey, has willfully deserted her said husband, and is, and at the commencement of this action was, guilty of willful desertion, and by reason thereof that the plaintiff is entitled to have the bonds of matrimony between himself and defendant dissolved."

Judgment was accordingly entered, dissolving the bonds of matrimony between the parties. The defendant moved for a new trial, and has appealed from the judgment and an order denying her motion.

The only point made for the appellant is, that the evidence did not justify the decision and the judgment.

It is unnecessary to state the facts shown by the record. It is enough to say that, after carefully reading all the testimony brought before us in the transcript, we are of the opinion that the evidence was sufficient to justify the findings of fact and the conclusion of law drawn therefrom.

The judgment and order should therefore be affirmed.

Foote, C., and Hayne, C., concurred.

The Court. — For the reasons given in the foregoing opinion, the judgment and order are affirmed.