CHARLES RATHBUN v. MARGARET E. RATHBUN.

*Divorce—Desertion.*

In this case the decree below, adjudging defendant guilty of desertion, is held to have been fully warranted, and is affirmed.

Appeal from Lenawee. (Lane, J.) Argued July 10, 1889. Decided October 11, 1889.

Bill filed for divorce on the ground of desertion. Defend-

ant appeals.    Decree affirmed.    The facts are sufficiently stated in the opinion.

*H. C. Smith,* for complainant.    ❦

*Westerman & Westerman,* for defendant.

CAMPBELL, J.    Complainant filed his bill and obtained a decree of divorce for desertion.    Defendant left him in 1876, and since that time has lived apart from him on her own account.    The only excuse or reason set up now, why her conduct did not amount to desertion, is that she was compelled to leave him by his cruelty, and failure to support her properly.

He is now over 70, and she is approaching 60.    They were married more than 30 years ago, and lived together about 22 years.    They had one daughter, who died shortly before their separation, when approaching womanhood.    After her death defendant left complainant, and, although she claims she did not mean in the first place to make her departure permanent, she finally determined to do so.    There is no evidence of any outbreak or quarrel.    There is some variance upon arrangements in regard to her receipt of personal property, and how and why it was given her.    It is pretty certain she got on some terms such furniture as she wanted, and that the household was permanently broken up.

It is not profitable to spread out in detail all the facts on which testimony agrees or differs.    The circuit judge, who had good opportunities of seeing and hearing the witnesses, does not seem to have had any difficulty in determining that defendant deserted her husband, and was in fault for doing so.    We think he was right in his conclusions.    It seems probable that after the daughter died the defendant did not care to live any longer with her husband, and that they were not very warmly attached to each other.    She tells some large stories of his closeness and parsimony, which are

undoubtedly exaggerated, and have grown in her imagination since she left him. The testimony, when carefully compared, does not justify the charge of cruelty. She evidently was more fond of other work than of housekeeping, and found some satisfaction in earning money for herself, and when her daughter died she lost her love for her home. There are quite as many signs of querulousness and an exacting temper on her part as of obstinacy on his. There was no reason why she should have left her husband except her manifest desire to live in her own fashion. It is manifest from her own testimony that she had no disposition to be conciliatory, whether he had or not. The fact is unmistakable that she left her husband voluntarily, and stayed away voluntarily, and that she, and not he, broke up the home.

We think the decree below was fully warranted, and should be affirmed.

The other Justices concurred.