[No. 6262.   Decided January 10, 1907.]

ROBERT PATTERSON, *Appellant*, v. ELIZABETH C. PATTERSON, *Respondent*.[1]

DIVORCE—GROUNDS—ABANDONMENT.   Where the husband, in an action for a divorce, establishes that his wife, without cause, abandoned him and went to another state where she continued to live for ten years, refusing to live with him in this state, the court, as a matter of law, must grant a divorce on the statutory ground of abandonment for more than one year, notwithstanding the fact that the husband made no effort to have her return.

Appeal from a judgment of the superior court for Spokane county, Poindexter, J., entered December 11, 1905, upon findings in favor of the defendant, after a trial on the merits, dismissing an action for divorce.   Reversed.

*Richardson, Roche & Onstine*, for appellant.

ROOT, J.—This proceeding was instituted by plaintiff for divorce from defendant on the ground of "abandonment for one year."   Defendant was served by publication, made no appearance, and default was taken against her.   At the trial the prosecuting attorney defended the action.   From the judgment of dismissal, the plaintiff appeals.

In February, 1892, appellant was then 64 years of age, and respondent, who was past 50, intermarried, and lived together in Spokane until the fall of 1894, when they moved to the appellant's farm near Plaza, in Spokane county, where they lived until July 1, 1895.   During the months of June and July, 1895, appellant was obliged to serve on a jury at Spokane, and during his absence respondent, without his knowledge, abandoned him and went to live with her son in California, and has continued to live there ever since.   Plaintiff and his wife had no trouble at or prior to the time she abandoned him.   She did not tell him she was going to leave him, and he gave her no cause for so doing.   Appellant provided a good home for respondent on their farm.   They had

[1]Reported in 88 Pac. 196.

no trouble of any consequence. The only reasons appellant could give for her leaving him was that she was unfriendly with his grown children, who lived in the neighborhood, and she had a "war of words" or quarrel with one of them, so they would have nothing to do with her; that she did not like the climate of Washington as well as California, and appellant thought she did not care much for him and preferred to live with her son. She abandoned and has remained away from him for a period of over ten years. She wrote him about once every six months during the first six or seven years after she abandoned him, and he replied to her letters. She never asked him to come to California and frequently wrote him that she would not live with him in Washington. He was always willing to take her back as his wife but never urged her to return.

After she had abandoned him for a period of about seven years, while appellant was going through California, he stopped to see her and had a talk with her, and during their conversation some of their troubles came up and she stated she would never live with him in Washington. About three weeks after this time she wrote him a letter in which she said it was her wish to never see him again, and in reply to her letter he wrote her that if they ever met again it would be an accident on his part. He has never seen her since three years ago in California, although she wrote him after he started the action for a divorce, acknowledging receipt of a copy of the summons by mail, and requesting him to let her know what the decision of the court was, and saying in the letter that she would not appear and was willing for him to get a divorce. He had no agreement or understanding with her that she would not defend the action, and she did not know he was going to start the action for divorce until after he had served the papers upon her. The trial court made findings, among which were the following:

"(5). That the said plaintiff and said defendant lived together for three years after their marriage in 1892, part of

the time in Spokane and part of the time near Plaza. During the time they lived in Spokane there was no trouble; when they went out to Plaza it seems the plaintiff had a number of grown children and they made trouble with his wife; plaintiff testified that they had, as he expressed, a war of words whenever they came together and that she objected to live there on that account, and the court finds that she probably had good cause so to do.

"(6). It appears from the evidence that there was a tacit understanding between the plaintiff and defendant that she should go to California and that he never attempted to have her return.

"(7). About seven years after her going to California the plaintiff was going through San Francisco on some other business and casually called around to see her, and the trouble existing between them was brought up and he did not have any talk with her about whether or not she should come back.

"(8). The court finds from the evidence that there is no proof of abandonment of the plaintiff on the part of the defendant and that the proof shows there was as much abandonment on the part of the plaintiff as on the part of the defendant."

We have carefully examined all of the evidence, which is brief, and are unable to find anything to sustain the eighth finding, and are unable to find anything to show that defendant "probably had good cause" for objecting to live at plaintiff's home. As to the sixth finding there is something in plaintiff's evidence to the effect that defendant had talked of going to California, but nothing indicating any agreement between them or understanding of any kind that she should go there to remain, or that she should separate from plaintiff. In 14 Cyc., pages 611, 612, the following appears:

"Desertion or abandonment consists in the voluntary separation of one spouse from the other, for the prescribed time, without the latter's consent, without justification, and with the intention of not returning. . . .

"It is the right of the husband, without the consent of the wife, to establish the family domicile. . . . Since the wife has no right to determine the family domicile, an ex-

pressly avowed permanent change of domicile by her without the consent of her husband and without cause constitutes desertion."

Our statute provides that "abandonment for one year" shall be a cause for divorce. Whether or not this is a wise statute and whether it would not be better to require the husband, after desertion by the wife, to make an earnest effort to secure her return before instituting divorce proceedings, and whether the question of the age of the parties and their situation should, or should not, accord the court some discretion in the premises, are questions that are not before us, but are matters that might pertinently be addressed to the attention of the legislature. This plaintiff, by competent and sufficient unimpeached evidence, brought his case clearly within the express terms of the statute. Whatever view might be taken of the case from other considerations, it is clear that as a matter of law the court is left' with no discretion under the pleadings and evidence in this case than to grant the divorce. If the trial court believed from the appearance of the witnesses or from what was said, or had reason to believe from other sources, that there were facts existing which if proved would constitute a defense to the action, it had the privilege of continuing the hearing with direction to the prosecuting attorney to investigate matters and produce such evidence as could be secured upon a further hearing. This not having been done, and the statute requiring us to try a case of this character *de novo* on the record and evidence as it comes here from the trial court, we are constrained to render judgment in favor of appellant. 9 Am. & Eng. Ency. Law (2d ed.), p. 772; *Gains v. Gains* (Ky.), 19 S. W. 929; *Elzas v. Elzas*, 171 Ill. 632, 49 N. E. 717; *Cline v. Cline*, 10 Ore. 474; *Stoffer v. Stoffer*, 50 Mich. 491, 15 N. W. 564; *Carey v. Carey*, 73 Cal. 630, 15 Pac. 313; *Rathbun v. Rathbun*, 76 Mich. 462, 43 N. W. 307; *Ogilvie v. Ogilvie*, 37 Ore. 171, 61 Pac. 627.

The judgment of the honorable superior court is reversed and the cause remanded with instructions to enter a judgment and decree of divorce as prayed for by appellant.

MOUNT, C. J., FULLERTON, HADLEY, and DUNBAR, JJ., concur.