CORREA, PLAINTIFF AND APPELLANT, v. BONET, DEFENDANT·
AND APPELLEE.

APPEAL from the District Court of Aguadilla in an Action
for Divorce.

No. 2082.—Decided February 17, 1920.

DIVORCE—ABANDONMENT—EVIDENCE.—In order to prove irrevocable abandonment
by the defendant spouse in an action for divorce it is not indispensable to
show that the complainant spouse personally requested the defendant to re-
turn to their home.

The facts are stated in the opinion.

*Mr. M. A. García* for the appellant.

The appellee did not appear.

· MR. CHIEF JUSTICE HERNÁNDEZ delivered the opinion of
the court.

This is an appeal by the plaintiff from a judgment of
the District Court of Aguadilla in a divorce case.

Epifanio Correa y Benet brought an action for divorce
in that court on May 19, 1919, against his wife, Ramona Bo-
net y Bonilla, alleging that on July 4, 1917, plaintiff and de-
fendant contracted marriage in the town of Aguada, they
then having a daughter eleven years old named Primitiva,
and that "a few days after their marriage it seems that the
defendant became disgusted with the marital life, notwith-
standing the delicate attentions and good behavior of her
husband, the plaintiff, and finally abandoned their home
about the month of August, 1917, leaving her husband in a
final, firm and decided manner and expressing her intention
not to return despite the repeated requests of and the steps
taken by the plaintiff to have her come back to their home
and there live in peace and happiness."

The defendant not having appeared to answer the com-
plaint, her default was entered, the case was tried in her
absence and the court entered judgment on June 18, 1919,
as follows:

"After examining the complaint, to which there is no answer

because the defendant is in default, which was duly entered by the clerk of the court, and the testimony of the plaintiff, Epifanio Correa y Benet, the court hereby dismisses the complaint because it appears from the testimony of the said plaintiff that he has not personally taken any steps to induce the defendant, Ramona Bonet y Bonilla, to return to their home.''

The appellant alleges in support of the appeal that the court erred in dismissing the complaint on the sole ground that the plaintiff had not personally requested his wife to return and live with him, and in refusing to admit the testimony of other witnesses whom the plaintiff desired to call after he himself had testified.

From the transcript of the record it appears that in giving his testimony tending to prove the allegations of the complaint the plaintiff stated, among other things, that during the same week in which his wife abandoned him and also thereafter he sent her messages that he did not wish to separate from her, but did not endeavor to have a personal interview with her, whereupon the judge said to the attorney that the most important testimony in a divorce case is that of the interested party and as the husband admits that he did not go in person to see his wife and only commissioned other persons to talk to her, the case could not be decided in his favor and the plaintiff could not produce any more evidence, as he desired to, because it had been shown by his own testimony that he had not taken all the necessary steps to establish the fact that he was the actual victim of abandonment. The ruling of the court was excepted to.

We said in the cases of *Moret* v. *Vázquez,* 5 P. R. R. 233; *Girot* v. *Crispín,* 23 P. R. R. 764, and *Negroni* v. *Collazo,* 26 P. R. R. 85, that ''the firm and decided determination of one of the spouses not to live with the other and comply with the duties imposed by the natural and civil law, persisted in for more than one year, constitutes the abandonment specified by subdivision 5 of section 164 of the Civil Code as a ground for divorce.'' And an indispensable element of

abandonment is the nolition of the other spouse, the period of abandonment beginning to run from the time when such nolition is manifested. But neither the law nor the jurisprudence laid down in the cases cited makes it an indispensable element of abandonment that the abandoned spouse shall make personal and unsuccessful requests of the other to return to the abandoned home. On the contrary, in *Catinchi* v. *Catinchi*, 27 P. R. R. 386, we held that where an abandonment and intention to abandon appear, any effort at reconciliation on the part of the innocent husband or wife is frequently rendered unnecessary (*Lanier* v. *Lanier*, 5 Heisk. 62; *Patterson* v. *Patterson*, 88 Pac. 196), and that an effort at reconciliation is only necessary when such intention is not certain, as when there was a spirit of acquiescence on the part of the innocent person. *Hitchoock* v. *Hitchoock*, 15 App. D. C. 93. And it cannot be said positively that the attempt at reconciliation must be made directly and personally by one spouse to the other, for there may be cases where the intervention of third persons may be sufficient.

The court committed manifest error in refusing to allow the plaintiff to introduce other evidence besides his own testimony to prove the abandonment pleaded as a ground for the divorce. The weighing of the testimony of the plaintiff alone in order to conclude whether or not there was abandonment was premature, the plaintiff having offered other evidence which perhaps might establish the abandonment.

The judgment below must be reversed and the case remanded to the Court of Aguadilla for further proceedings not inconsistent with this opinion.

*Reversed and remanded.*

Justices Wolf, del Toro, Aldrey and Hutchison concurred.