CORREA, DEMANDANTE Y APELANTE, *v.* BONET, DEMANDADA Y APELADA.

Apelación procedente de la Corte de Distrito de Aguadilla en pleito de divorcio.

No. 2082.—Resuelto en febrero 17, 1920.

Divorcio—Abandono—Prueba.—Para probar la actitud de irrevocable abandono por parte del cónyuge demandado en un pleito de divorcio, no es requisito indispensable acreditar que el cónyuge demandante requirió personalmente al demandado para que regresara al hogar conyugal.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. M. A. García.*

La parte apelada no compareció.

El Juez Presidente Sr. Hernández, emitió la opinión del tribunal.

El presente es un recurso de apelación interpuesto por la parte demandante contra sentencia de la Corte de Distrito de Aguadilla en caso sobre divorcio.

Ante la referida corte Epifanio Correa y Benet presentó demanda de divorcio con fecha 19 de mayo de 1919 contra su esposa Ramona Bonet y Bonilla, alegando como hechos fundamentales de su acción, que el día 4 de julio del año de 1917 contrajeron ambos matrimonio en el pueblo de Aguada;

cuando ya habían procreado una niña de once años de edad nombrada Primitiva, y que "a los pocos días del matrimonio la demandada parece que empezó a disgustarse de la vida marital no obstante las delicadas atenciones y buen comportamiento de su esposo el demandante, y terminó por abandonar el hogar conyugal allá por el mes de agosto de 1917, separándose de su esposo de un modo definitivo, firme y decidida y expresando su voluntad de no volver a él, a pesar de las reiteradas súplicas y de las gestiones que practicara el demandante por conseguir que volviese al hogar conyugal a vivir en armonía y felicidad."

No habiendo comparecido la demandada a contestar la demanda, le fué anotada la rebeldía, celebrándose el juicio sin su asistencia, y la corte pronunció sentencia en 18 de junio de 1919 que dice así:

"La corte luego de oir el escrito de la demanda y no el de contestación por estar en rebeldía la parte demandada, la cual fué debidamente anotada por el secretario del tribunal, y la declaración del demandante Epifanio Correa y Benet, resuelve declarar y declara sin lugar la demanda por aparecer de la declaración de dicho demandante que no ha hecho personalmente gestión alguna para conseguir que la demandada Ramona Bonet y Bonilla vuelva al seno del hogar conyugal."

Alega la parte apelante para sostener el recurso que la corte cometió error al declarar sin lugar la demanda de divorcio por el solo fundamento de que el demandante personalmente no había requerido a su esposa para que volviera a vivir con él, sin que permitiera declarar a otros testigos que estaba dispuesto a presentar el demandante después de haber éste declarado.

De la transcripción de autos resulta que el demandante prestó declaración tendente a demostrar las alegaciones de la demanda, habiendo manifestado entre otras cosas que en la misma semana en que lo abandonó su esposa y aun después le había mandado a decir que no deseaba separarse de ella sin que tratara de entrevistarse personalmente con la

misma, ante cuya manifestación el juez expresó al abogado que la declaración más importante en un caso de divorcio es la de la parte interesada y como el esposo admite que no fué personalmente donde la esposa y no se ocupó sino de mandar personas a hablar con ella, no se podía decidir favorablemente el caso y el demandante no podía presentar más prueba, según pretendía, por haberse demostrado por el propio demandante que no había hecho todas las gestiones necesarias para mostrar que había sido una verdadera víctima del abandono.   La decisión de la corte fué excepcionada.

Ya hemos dicho anteriormente en los casos de *Moret* v. *Vázquez,* 5 D. P. R. 245; *Jirot* v. *Crispín,* 23 D. P. R. 822; y *Negroni* v. *Collazo,* 26 D. P. R. 94, que "la voluntad firme y decidida de uno de los cónyuges de no vivir con el otro cumpliendo los deberes que le imponen la ley natural y la civil, sostenida esa voluntad por más de un año es lo que constituye el abandono que como causa de divorcio señala el artículo 164 del Código Civil en su No. 5". Y es requisito indispensable para el abandono la nolición del otro cónyuge, empezando a correr el término del abandono desde que esa nolición se manifiesta. Pero ni la ley ni la jurisprudencia establecida por esas decisiones exigen que para el abandono sea requisito indispensable el requerimiento personal e infructuoso de un cónyuge al otro para que vuelva al hogar que abandonó, y antes por el contrario en el caso de *Catinchi* v. *Catinchi,* 27 D. P. R. 418, dejamos establecido que la tentativa de reconciliación por parte del esposo o esposa inocente frecuentemente se considera innecesaria cuando aparece el abandono y la intención de abandonar, *Lanier* v. *Lanier,* 5 Heisk 62, *Patterson* v. *Patterson,* 88 Pac. 196, y que el esfuerzo para una reconciliación solamente es necesario cuando tal intención no es manifiesta como cuando existe cierto espíritu de conformidad por parte de la persona inocente. *Hitchcock* v. *Hitchcock,* 15 App. D. C. 93. Y no puede sostenerse en absoluto que la gestión para la reconciliación debe hacerse directa y personalmente por un cónyuge al otro,

pues puede haber casos en que sea bastante la gestión hecha mediante terceras personas.

La corte cometió manifiesto error al denegar a la parte demandante que propusiera otras pruebas además de su propia declaración para justificar el abandono alegado como causa del divorcio. La apreciación de la sola declaración del demandante para estimar si hubo o no abandono fué prematura, habiéndose ofrecido como se ofrecieron por el demandante otras pruebas que acaso pudieran demostrar el abandono.

Es de revocarse la sentencia apelada, devolviéndose el caso a la Corte de Aguadilla para procedimientos no inconsistentes con la presente opinión.

> *Revocada la sentencia recurrida y devuelto el caso para ulteriores procedimientos.*

Jueces concurrentes: Sres. Asociados Wolf, del Toro, Aldrey y Hutchison.