ANN LIVERMORE ET AL. *v.* C. C. WEBB ET AL.

56   489
124   224

CHANGE OF ATTORNEYS—WAIVER.—The requirements of § 285 of the Code of Civil Procedure, that notice of a change of attorneys be served upon the adverse party, is for the benefit of such adverse party, and may be waived by him or his attorney.

ID.— ID.— APPEAL.— The respondents' attorneys in writing admitted the service of a copy of a notice of appeal, without objecting that it was signed by an attorney other than the attorney of record of the appellant. *Held*, that the objection was waived.

PARTITION—JUDGMENT—PRACTICE.—A judgment may be entered in an action of partition, that one of the defendants is the owner in fee of all the land described in the complaint.

AMENDED ANSWER—JUDGMENT ROLL.—Where an amended answer, indorsed filed by the clerk, appears in the judgment roll, it must be presumed that it was served upon the other parties, and filed by leave of the Court.

ID.—ID.—ORDER—PROOF OF SERVICE.—The Court does not require the order of the Court granting leave to amend an answer, or the proof of service to be entered on the judgment roll.

APPEAL by defendants Greene and Jackson from a judgment in favor of defendant Webb, in the Sixteenth District Court, County of Kern. REED, J.

A petition for a rehearing in Bank was filed by appellants after the decision, and denied.

*James B. Townsend*, for Appellants.

The action, being a statutory one for *partition*, based upon the allegation that the plaintiffs and defendant were *tenants in common* of the land, when this allegation was found to be untrue, the action should have been dismissed. (Code Civ. Proc. §§ 752, 755, 756, 763, 766, 767; *Berry* v. *Ivanice*, 4 Pac. C. L. J. 244, 245; *Winter* v. *Fitzpatrick*, 35 Cal. 269, 274; *Gregory* v. *Nelson*, 41 id. 284–286; *McGlauglin* v. *O'Rourke*, 12 Iowa, 459, 461.)

*Stetson & Houghton*, for Respondents; cited, on the motion to dismiss appeal, *Prescott* v. *Salthouse*, 53 Cal. 221; *Whittle* v. *Renner*, 55 id. 395.

*James B. Townsend*, for Appellants (on petition for rehearing).

The case of *Hancock* v. *Lopez*, 53 Cal. 362, was an action of ejectment, and simply decided that a judgment, such as the one here appealed from, was admissible in evidence upon the issue of estoppel. It did not decide that such a judgment was not *erroneous*, but only that it was not *void*.

McKINSTRY, J.:

The appeal is by defendants Greene and Jackson from a judgment adjudging and decreeing that defendant C. C. Webb is the sole owner in fee of all the lands described in the complaint, and that neither the plaintiffs nor any of the other defendants have any estate, right, title, or interest in the lands, or any portion of them.

Respondent asks that the cause be stricken from our calendar, because, as he claims, no appeal has properly been taken. The judgment roll shows that Samuel L. Cutter, Esq., had appeared as attorney for defendants Greene and Jackson in the Court below. The notice of appeal is subscribed by James B. Townsend, Esq., as attorney for the said defendants, while the record fails to show any formal substitution of Townsend for Cutter, or any notice of such substitution.

When an attorney is changed, and written notice thereof is not served upon an adverse party, the latter must (may) continue to recognize the former attorney. (Code Civ. Proc. § 285.) The requirement that notice be served upon the adverse party is for the protection of such adverse party, and may be waived by him or his attorney. Here the attorneys for plaintiffs acknowledged "due service" of the notice of appeal, and the attorneys for defendant Webb signed the acceptance of service following: "We have received, this 11th day of March, 1880, a duplicate of the within notice." We construe this to be a waiver of any objection to the notice. If the attorneys for Webb intended to rely upon the want of notice of substitution, they should have returned the notice or refused to acknowledge the service of it. The case is different from *Prescott* v. *Salthouse*, 53 Cal. 221, cited by respondent. We think the motion to strike the cause from the calendar should be denied.

As stated by appellant in his first point: "The appeal being from the judgment only, must be determined upon the *judgment*

*roll* alone, a certified copy of which, with the notice and under-taking on appeal, constitutes the record herein."

Section 670 of the Code of Civil Procedure provides:

" Immediately after entering the judgment, the clerk must attach together and file the following papers, which constitute the judgment roll :

" 1. In case the complaint be not answered by any defendant, the summons, with the affidavit or proof of service, and the complaint, with a memorandum indorsed thereon, that the default of the defendant in not answering was entered, and a copy of the judgment.

" 2. In all other cases, the pleadings, a copy of the verdict of the jury, or finding of the Court or referee, all bills of exceptions taken and filed, and a copy of any order made on demurrer or relating to a change of parties, and a copy of the judgment; if there are two or more defendants in the action, and any one of them has allowed judgment to pass against him by default, the summons, with proof of its service upon such defendant, must also be added to the other papers mentioned in this subdivision."

With the section of the Code before us, we shall proceed to consider the points made by counsel for appellant.

1. Whatever might have been our opinion were the matter *res integra*, it is settled in this Court that a judgment like that appealed from may be entered in an action for partition. (*Hancock* v. *Lopez*, 53 Cal. 362.)

2. It is urged, that the finding that defendant Webb is the *sole owner* is a finding against the record, and the judgment based upon it erroneous, inasmuch as the answer of said defendant, filed December 3rd, 1877, admits that he is a tenant in common with plaintiffs and defendant Charles A. Livermore.

The transcript, however, shows an amended answer (filed February 11th, 1878), alleging the exclusive ownership of Webb.

3. But appellant claims that the answer of February 11th, 1878, is a *nullity*, because it contradicts the answer previously filed, and was filed without any withdrawal of the previous answer, without leave of the Court, and without service on the other parties.

The contradiction certainly does not make the second answer a nullity. In favor of the regularity of the proceedings in the Court below, we must *presume* that the second answer was served on the other parties, and filed with the permission of the Court. As suggested by appellant, we are confined to the *judgment roll*, and the Code does not require that the order of the Court granting leave, or the proof of service, shall be entered on the roll.

4. The same objections are urged to the second amended answer of defendant Webb, and to the "supplemental answer" of the same defendant, filed February 3rd, 1879, with the additional objection that they were filed "after trial had been had, and findings and interlocutory decree filed." The last statement is correct. The record (as amended after suggestion of diminution) shows, however, that the interlocutory decree had been reversed by the Supreme Court, and the cause returned to the District Court, before the second amended or supplemental answer was filed.

Motion to strike from calendar denied, and judgment affirmed.

Ross, J., and McKee, J., concurred.