[L. A. No. 440.    Department Two.—April 11, 1899.]

## RIVERSIDE COUNTY, Respondent, v. P. J. STOCKMAN et al., Appellants.

PLEADING—SERVICE OF AMENDED COMPLAINT—RECITAL IN JUDGMENT—PRESUMPTION UPON APPEAL.—An amendment to the complaint must be served on all the defendants to be affected thereby; but where the judgment recites that certain defaulting defendants were regularly served with the complaint, and that their defaults were regularly had and taken, it will be presumed upon their appeal from the judgment, in the absence of a showing to the contrary, that amendments to the complaint were duly served on them, and that evidence of such service was before the court when making its decree.

ID.—JUDGMENT-ROLL—PROOF OF SERVICE.—The statute concerning the contents of the judgment-roll does not require the proof of service of amended pleadings to appear therein.

ID.—SUFFICIENCY OF COMPLAINT—CERTAINTY—EXHIBITS.—A complaint which, when taken in connection with the exhibits thereto shows a cause of action, though subject to a demurrer for uncertainty, is sufficient to support a judgment against defaulting defendants.

APPEAL from a judgment of the Superior Court of River-
side County.   J. W. Noyes, Judge.

The facts are stated in the opinion of the court.

J. W. Stephenson, for Appellants.

Tirey L. Ford, Attorney General, L. Gill, and G. A. Skinner,
for Respondent.

BRITT, C.—Action to condemn lands for purposes of a high-
way, under the provisions of the Code of Civil Procedure relat-
ing to eminent domain.   Ten defendants are named in the com-
plaint; among them P. J. Stockman and another, who are al-
leged to be executors of the estate of one Mathew Byrne, de-
ceased.   Service of summons and copy of complaint was made
on both of said executors in December, 1895.   Afterward,
plaintiff filed amendments to its complaint—the first on Feb-
ruary 24, 1896, and a second on March 12, 1896; it may be
conceded that both these amendments were of matter of sub-
stance.   Said executors never answered either the original com-
plaint or the same as amended, nor does the record—which con-
sists of the judgment-roll alone—contain any evidence beyond
the recitals presently to be mentioned that said amendments
were served on the executors.   On April 14, 1896, the clerk en-
tered the default of said executors, reciting that they had failed
to answer the complaint on file within the time allowed by law;
on the same day the action was tried on issues raised by answers
of other defendants, and plaintiff obtained judgment.   The
judgment recites that said executors were "regularly served with
summons and complaint," and that their defaults for not ap-
pearing were regularly had and taken.   They have appealed
from the judgment, and assign for error that they were not
served with the amendments to plaintiff's complaint.

There is no doubt of the general proposition that an amend-
ment to a complaint must be served on all the defendants to be
affected thereby.   (*Linott v. Rowland*, 119 Cal. 452, and cases
cited.)   But the question here is, whether the record presented
shows that such service was not made in this instance.   The
judgment recites that the executors were regularly served with
the complaint, and that their defaults were regularly had and

taken—which could not be unless the amendments had been duly served on them. The statute concerning the contents of the judgment-roll in such cases does not require the proof of service of amended pleadings to appear therein (Code Civ. Proc., sec. 670, subd. 2), and in our opinion it must be presumed—in the absence of affirmative showing to the contrary—that the amendments were regularly served and that evidence thereof was before the court when it made its decree. Such, in effect, was the ruling in *Livermore v. Webb*, 56 Cal. 489, 492, and the case accords with the principle which ascribes verity to a judgment and requires an appellant to make its error appear. In *Thompson v. Johnson*, 60 Cal. 292, a judgment was reversed because of failure to serve an amendment upon a defaulting defendant, and language was employed in the opinion of the court which seems on cursory reading to support the inference that the judgment-roll must affirmatively show service of the amendment in such a case; but the opinion shows further that the court understood the order granting leave to amend as itself limiting the service to a single defendant—one who was not in default. In that view, of course, no presumption ought to lie that service had been made when the trial court had decided that it need not be made. No such order appears in the record before us, and *Thompson v. Johnson*, exceptional in its circumstances, is not an obstacle to a decision of the present case in accordance with the broader analogy illustrated by *Livermore v. Webb*.

Appellants say further that the complaint, either in its original form or as amended, stated no cause of action against them. We have examined the pleading with care; against a demurrer for uncertainty it could not have stood; but taken in connection with the exhibits annexed thereto—which include a map of the proposed highway—the amended complaint shows a cause of action sufficient to support the judgment. The objections to it are not of importance to require treatment at length.

The judgment should be affirmed.

Haynes, C., and Chipman, C., concurred.

For the reasons given in the foregoing opinion the judgment is affirmed.        Henshaw, J., Temple, J., McFarland, J.

Hearing in Bank denied.