[Civ. No. 786.   Third Appellate District.—May 12, 1911.]

ERIC J. SEGERSTROM, Appellant, v. M. I. SCOTT, Respondent.

STATE LANDS—CONTEST OF RIGHT TO PURCHASE—FEMALE DEFENDANT— AMENDED ANSWER SHOWING RIGHT FILED AFTER LAPSE OF TIME— REVIEW UPON APPEAL FROM JUDGMENT.—Upon the trial of a contest of the right to purchase state lands, where the original answer of a female defendant did not state her right to purchase the lands as such, the objection that an amended answer showing her right to purchase was filed, without leave of the court, after the expiration of the time within which the plaintiff might have interposed a demurrer to the original answer, cannot be reviewed or considered upon an appeal by the plaintiff taken upon the judgment-roll alone, where there is no authenticated showing, upon such appeal, that the amended answer was filed without authority of the court.

ID.—PRESUMPTIONS IN FAVOR OF JUDGMENT—EXTRAJUDICIAL STATEMENT OF COUNSEL.—Upon an appeal from the judgment taken upon the judgment-roll alone, without any bill of exceptions, all presumptions and intendments are in favor of the validity of the judgment, and of the regularity of the proceedings in the court below; and the extrajudicial statement of counsel for appellant that the amended answer was filed without permission by the court to file it cannot prevail or even be considered as against the presumptions in favor of the judgment.

ID.—ORDER GRANTING LEAVE TO AMEND ANSWER NO PART OF JUDGMENT-ROLL.—An order granting leave to a defendant to amend the answer is no part of the judgment-roll, and is not required to be entered thereon, and, if made, cannot constitute any part of the record which the appellate court can review.

ID.—DECLARATION OF "LEAVE" IN AMENDED ANSWER—"VERITY."—Where the amended answer itself declares that the same was filed by "leave of the court first had and obtained," and there is nothing appearing in the judgment-roll inconsistent therewith, and there is no affirmative showing to the contrary, such declaration must be accepted as verity, especially when it is in harmony with the presumption that it was properly filed, or filed by the court's permission.

ID.—AFFIDAVIT OF PURCHASE REQUIRED TO SHOW QUALIFICATIONS.—An affidavit of purchase is required to state the qualifications of the application, and not a mere conclusion therefrom.

ID.—SUFFICIENT AVERMENT OF QUALIFICATIONS OF FEMALE APPLICANT.—The averments in the amended answer of the female defendant that at the time of her alleged purchase, "said defendant was a female citizen of the United States, and a resident of the state of California, of lawful age, and was entitled to purchase and hold real estate, in her own name," sufficiently states the defendant's qualifications.

ID.—FINDINGS—RIGHT TO PURCHASE ESTABLISHED.—Where it appears that the sufficient averments in the amended answer as to the qualifications of the defendant were set forth in her affidavit of purchase, the findings of the court establishing the qualifications of the defendant and her right to make the purchase fully establish such right as against an appeal taken by the plaintiff upon the judgment-roll alone, without any bill of exceptions, in view of all the presumptions in favor of the findings and judgment, upon such an appeal.

APPEAL from a judgment of the Superior Court of Calaveras County. A. I. McSorley, Judge.

The facts are stated in the opinion of the court.

Chas. H. Segerstrom, for Appellant.

Will A. Dower, for Respondent.

HART, J.—This is an appeal from the judgment on the judgment-roll alone.

The action was instituted, under section 3495 of the Political Code, for the purpose of determining the conflicting claims of the parties to the right to purchase from the state the lands described in the pleadings.

16 Cal. App.—17

It appears from the complaint that on the twenty-fifth day of November, 1908, the "defendant filed with the surveyor-general of the state of California her application, numbered 3501, Sacramento Land District, to purchase of said state, under the provisions of sections 3494 and 3495 of the Political Code, the land" described in said complaint. It also likewise appears that on the nineteenth day of March, 1909, the plaintiff filed with said surveyor-general an application to purchase the same land.

Upon the hearing of the contest, the court below found in favor of the defendant upon all the essential issues of fact, and, accordingly, rendered and caused to be entered a judgment establishing defendant's superior right to purchase the land in dispute.

The single question involved in the attack upon the judgment is based upon the contention that the defendant, in her answer, failed to state facts sufficient to constitute an affirmative defense, upon which, if properly pleaded, her right to purchase the land in controversy must necessarily and solely rest. It is, therefore, claimed that the judgment in favor of defendant is without support.

It appears that, in the original answer, the defendant, being a female, pleaded no facts disclosing that she is and was, at the time of filing her application with the surveyor-general for the contested land, "entitled to purchase and hold real estate in her own name," a showing which, in the case of a female applicant, section 3496 of the Political Code requires to be made, in the form of an affidavit, before the surveyor-general, when such application is filed with that official, and which, manifestly, must also be made in her pleading in a contest of this character in order to state either a cause of action in her own behalf or an affirmative defense against the claim of one contesting her right to purchase state lands.

The plaintiff did not demur to the answer but, after the time within which he might have done so, the defendant filed an amended answer to whose averments, as they appeared in the original answer, she added others disclosing that she was qualified and "entitled to purchase and hold real estate in her own name."

It is asserted that the amended answer was filed without leave or permission of the court, and that, having been so

filed after the time within which the plaintiff might have interposed a demurrer thereto, it cannot be considered as any part of the pleadings, and, therefore, does not legally constitute a part of the judgment-roll. (See *Tingley* v. *Times-Mirror Co.*, 151 Cal. 1, [89 Pac. 1097].) That case, inquiring into the meaning of section 472 of the Code of Civil Procedure, by which it is provided that, under certain circumstances therein indicated, "any pleading may be amended once by the party of course," etc., holds that "this right to amend, while applying to the pleadings of both parties, has its limitations as to the time within which either party may exercise it under the section, and such time is not extended in behalf of the defendant beyond final joinder on the issues of fact in the case." And it is undoubtedly true that if there were any evidence before this court, authenticated in the proper way, that the defendant, without leave or authority from the court so to do, filed her amended answer after the time within which the plaintiff was authorized, if he so elected, to file a demurrer to the original answer, said amended answer could not be considered nor treated as a pleading in the case, nor, per consequence, a part of the judgment-roll.

But the appeal here, as seen, is from the judgment on the judgment-roll alone, and there being no bill of exceptions or other like record disclosing that, as charged by the appellant, the amended answer was filed, under the circumstances as stated, without permission from the court to file it, the declaration of counsel that it was so filed is entirely extrajudicial, and, of course, cannot prevail or even be considered as against the presumptions in favor of the judgment.

The answer, in the vital particular in which it was amended, reads: "That, on the twenty-fifth day of November, 1908, said defendant was a female citizen of the United States, and a resident of the state of California, of lawful age, and was entitled to purchase and hold real estate in her own name." In the consideration of the record we are confined to the judgment-roll in the absence of a bill of exceptions or a statement of the case or the stenographer's transcript of the proceedings had at the trial. An order granting leave to a party to amend his answer is no part of the judgment-roll and is not, there-

fore, required to be entered thereon. (Code Civ. Proc., sec. 670, subd. 2; *Livermore* v. *Webb,* 56 Cal. 492.)

The papers which may be used on an appeal from a final judgment are a copy of the notice of appeal, of the judgment-roll, and of any bill of exceptions or statement in the case upon which the appellant relies (Code Civ. Proc., sec. 950), but where, as here, there is no bill of exceptions or statement of the case, or other like record, the appeal being upon the judgment-roll alone, the orders of the court, allowing or refusing amendments to the answer, do not, as before stated, constitute any part of the record which an appellate court may review.

The amended answer itself declares that the same was filed by leave of the court "first had and obtained," and there is nothing appearing on the judgment-roll inconsistent with this statement of the amended answer. In the absence of an affirmative showing to the contrary, this declaration of the amended answer must be accepted as verity, and even if it contained no such declaration and there was no proper affirmative showing that it was not true, this court would be compelled to indulge the presumption that the amended answer was duly filed, or filed with the trial court's permission. (*Riverside County* v. *Stockman,* 124 Cal. 222, [56 Pac. 1027.])

The court found that at the time defendant made her application to the surveyor-general for the land described in the pleadings, she was of about the age of thirty years, and, in fact, possessed all the qualifications entitling her to purchase and hold real estate. The court further found that the affidavit accompanying her application to the surveyor-general to purchase said land contained a statement disclosing her qualifications in that respect.

The averments of the amended answer are sufficient to show defendant's qualifications to purchase and hold real estate. (*Price* v. *Beamer,* 73 Cal. 630, [15 Pac. 356]; *Henshall* v. *Marsh,* 151 Cal. 302, [90 Pac. 693]; *Dean* v. *Dunn,* 9 Cal. App. 358, [99 Pac. 380].) The law requires that a female applying for the purchase of state lands shall *show* by her affidavit and not merely state the fact that she is entitled to purchase and hold real estate, and the presumption from the findings is that her affidavit fully met this requirement.

"Every presumption is in favor of the validity of the judgment, and any condition of facts consistent with the validity of the judgment will be presumed to have existed, rather than one which will defeat the judgment." (*Canadian etc. Co.* v. *Clarita etc. Co.*, 140 Cal. 674, [74 Pac. 301], and cases cited.)

Indeed, as to the entire proceedings in the trial court culminating in the judgment from which the appeal here is prosecuted upon the judgment-roll alone, every presumption and every intendment is in favor of the regularity of such proceedings. "Upon an appeal from a judgment, upon the judgment-roll alone, all intendments will be made in support of the judgment, and all proceedings necessary to its validity will be presumed to have been regularly taken, and any matters which might have been presented to the court below which would have authorized the judgment will be presumed to have been thus presented, if the record shows nothing to the contrary." (*Von Schmidt* v. *Von Schmidt*, 104 Cal. 550, [38 Pac. 361]. See, also, *Johnston* v. *Callahan*, 146 Cal. 214, [79 Pac. 870]; *Galvin* v. *Palmer*, 134 Cal. 427, [66 Pac. 572]; *Butler* v. *Soule*, 124 Cal. 73, [56 Pac. 601]; *In re Eichhoff*, 101 Cal. 605, [36 Pac. 11]; *Eichhoff* v. *Eichhoff*, 107 Cal. 42, [48 Am. St. Rep. 110, 40 Pac. 24]; *Sichler* v. *Look*, 93 Cal. 601, [29 Pac. 220].)

Neither the case of *Tingley* v. *Times-Mirror Co.*, 151 Cal. 1, [89 Pac. 1097], nor that of *Brush* v. *Wood*, 72 Cal. 224, [13 Pac. 627], is authority for the proposition that this court may review an objection to a judgment where there is no showing whatever in the record on appeal that the objection is or may be well taken. In the first-mentioned case there was, in addition to the judgment-roll, a bill of exceptions. In the last-mentioned case the judgment itself recited that the court denied the application for leave to file a proposed supplemental answer.

The judgment is affirmed.

Chipman, P. J., and Burnett, J., concurred.