[Civ. No. 3359. First Appellate District, Division Two.—June 30, 1920.]

MARY C. GOULD, Respondent, v. FRANCIS E. CRAW-FORD et al., Defendants; GEORGE E. MILLS et al., Appellants.

[1] MORTGAGES—FORECLOSURE—REASONABLENESS OF ATTORNEYS' FEES.—In this action for the foreclosure of a mortgage on real property, there having been fifty-odd defendants, and the activities of the appellants, who were junior encumbrancers, having been most diligently carried forward, their counsel having presented to the court practically every technical problem the law permitted, and the judgment for plaintiff having been for nearly $6,500, the allowance by the court of attorneys' fees in the sum of $250 was reasonable.

[2] ID.—SERVICE OF ORIGINAL COMPLAINT—WAIVER OF NOTICE OF FURTHER PROCEEDINGS—FILING NUNC PRO TUNC—WANT OF INJURY.—In an action for the foreclosure of·a mortgage on real property, an order made after judgment permitting the filing, *nunc pro tunc*, of a waiver by the mortgagors of notice of further proceedings after the service of the original complaint, if erroneous, is without injury to defendants who were junior encumbrancers.

[3] ID.—SERVICE OF AMENDMENT TO COMPLAINT—RECITALS OF DECREE—APPEAL—PRESUMPTION.—Where the decree in such action recites the service of the original complaint and the default of the mortgagors, but contains nothing to show whether or not the amendment to the complaint was served, it must be presumed on appeal —in the absence of affirmative showing to the contrary—that the amendment was regularly served and that evidence thereof was before the court when it made its decree.

[4] ID.—DEFAULT IN INTEREST—ELECTION TO DECLARE DEBT DUE—EXERCISE BY BRINGING SUIT.—Where a mortgage provides that on default of interest the mortgagee might declare the entire debt due, and default in the payment of interest is made, the mortgagee cannot more effectively exercise her option of declaring the debt to be due than by suing for it.

[5] ID.—CROSS-COMPLAINT — IRRELEVANT PLEADING — ORDER STRIKING OUT.—In an action to foreclose a mortgage on real property, a cross-complaint, filed without leave of the court by certain defendants, who were junior encumbrancers, is properly stricken out on motion of the plaintiff, where the matters set forth therein are not in any way responsive to the cause of.action of the plaintiff for the foreclosure of her mortgage and do not affect in any way the rights of such defendants in the matter of priorities as be-

tween themselves and plaintiff, or as between themselves and the other parties named in such cross-complaint.

[6] ID.—AFFIRMATIVE ALLEGATIONS OF ANSWER—FAILURE TO INTRODUCE EVIDENCE—EFFECT OF GENERAL FINDING. AGAINST.—Where the defendants, sued as junior encumbrancers, in an action to foreclose a mortgage, allege that they are the owners of the mortgaged land under a conveyance from the original mortgagors subsequent in date to the mortgage sued upon, but on the trial they refuse to introduce any evidence, a general finding that the allegations of the answer are untrue does not constitute a determination that they did not receive the conveyance they alleged under oath they did receive, but merely that they did not prove what they alleged under oath.

APPEAL from a judgment of the Superior Court of Orange County. Z. B. West, Judge. Affirmed.

The facts are stated in the opinion of the court.

George E. Mills and Alfred H. McAdoo for Appellants.

J. H. Merriam and Merriam, Rinehart & Merriam for Respondent.

BRITTAIN, J.—George E. Mills and Belle Haecker Mills, sued as junior encumbrancers, appeal from a judgment decreeing the foreclosure of a mortgage on real property and from an order made after judgment permitting the filing, *nunc pro tunc*, of a waiver of notice signed by the original mortgagors and called to the attention of the court before the amendment of the complaint in regard to which the appellants make their principal contention.

[1] It is contended that the court erred in allowing attorneys' fees in the sum of $250. The evidence was that the plaintiff agreed with her attorney that the court was to fix the amount of the fee, but that if the plaintiff should be compelled to buy the property at the foreclosure sale to protect her interest the attorney was to receive $100. The judgment was for nearly $6,500, and of the fifty-odd defendants, the appellants were the only ones who actively engaged in the litigation. Their activities in the suit were most diligently carried forward. Their counsel acting in their behalf presented to the court practically every technical problem the law permitted. Upon a consideration of the

entire record the amount of attorneys' fees allowed appears both reasonable and in conformity with the agreement.

[2] The appeal from the *nunc pro tunc* order is without merit. The essential facts are that the mortgagors in writing waived notice of further proceedings after the service of the original complaint, and that the attention of the court was called to the waiver on November 2, 1917, when the motion was made to amend the complaint. The bill of exceptions on the appeal from the judgment printed in the appellants' transcript shows these facts. The order permitting the waiver to be filed as of the date on which it was called to the attention of the court added nothing to and did not militate against the effect of the judgment. If the order was erroneous the appellants were not injured by it.

The appellants' main contention is that the lien of the mortgage was not extinguished by the foreclosure decree. The original complaint was served on the mortgagors as well as the appellants. The former defaulted and signed the waiver of notice of all further proceedings. The appellants demurred successfully to the complaint and the plaintiff was given leave to amend. In the original complaint it was alleged that default had been made in the payment of interest. The mortgage provided that in the event of such default the mortgagee might declare the entire indebtedness due. In the amendment to the complaint it was alleged that no payments had been made on the principal of the note nor on account of accrued interest. The appellants contend that without service of the amendment they would not have been protected had they bought at the sale. [3] The record shows the service of the original complaint and the default of the mortgagors. The judgment recites these matters, and it contains nothing to show whether or not the amendment was served. The judgment is of a court of general jurisdiction and every intendment is in favor of the regularity of the exercise of the jurisdiction shown by the record. "The statute concerning the contents of the judgment-roll in such cases does not require the proof of service of amended pleadings to appear therein and in our opinion it must be presumed—in the absence of affirmative showing to the contrary—that the amendments were regularly served and that evidence thereof was before the court when it made its decree." (*Riverside County* v. *Stockman,* 124 Cal. 222,

[56 Pac. 1027].) If the contention is that the waiver of notice prevents the operation of this presumption the appellants are not benefited. If the waiver was sufficient, service of the amendment on the mortgagors was not required. If it was not sufficient, then the presumption of such service as was necessary becomes operative in the absence of showing that service was not made.

[4] It is contended that the mortgage was not due. It provided that on default of interest the mortgagee might declare the entire debt due. The plaintiff alleged the default in payment of interest in the original complaint when she sued for foreclosure. She could not more effectively have exercised her option of declaring the debt to be due than by suing for it. (*Trinity Bank* v. *Haas,* 151 Cal. 553, [91 Pac. 385].)

[5] The plaintiff joined as defendants certain parties, alleging that, by reason of their actions in dealing with certain water rights and stock in a water service company in a manner appurtenant to the land mortgaged, her rights under the mortgage ought to be adjudicated. Subsequently the plaintiff amended her complaint by striking out these allegations and dismissing the action as to these parties. The appellants filed a cross-complaint in which they repeated substantially the allegations of the complaint and sought to bring in the parties who had been dismissed from the suit. On motion of the plaintiff the cross-complaint was stricken out. The matters set forth in the cross-complaint were not in any way responsive to the cause of action of the plaintiff for the foreclosure of her mortgage, nor did they affect in any way the rights of the appellants in the matter of priorities as between the plaintiff as the holder of the superior lien and the appellants, nor as between the appellants and the other parties named. The cross-complaint was filed without leave of the court, and on the motion to strike it out it properly determined that the parties were not necessary to the determination of the cause before it. (*Alpers* v. *Bliss,* 145 Cal. 565-570, [79 Pac. 171].)

[6] The appellants alleged that they were the owners of the mortgaged land under a conveyance from the original mortgagors subsequent in date to the mortgage. On the trial the appellants who were the only defendants who had not defaulted refused to introduce any evidence. The court

made specific findings sufficient to support the judgment, and also found that the allegations of the answers were untrue. On this appeal the appellants contend that this general finding is a determination that they did not receive the conveyance they alleged under oath that they did receive, and that, therefore, it must be assumed they are simply junior encumbrancers and not the owners of the property. From this it is argued that by reason of the errors which it is claimed the trial court made the original mortgagors as owners may attack the decree. The effect of the general finding was merely that the appellants did not prove what they alleged under oath. Upon the record made they cannot be heard in this court to stultify themselves.

The judgment and the order are affirmed.

Nourse, J., and Langdon, P. J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on August 26, 1920.

All the Justices concurred.