Santos Buxó, Jr., Petitioner, *v.* District Court of Humacao, Respondent.

No. 68. Argued March 15, 1937.—Decided April 20, 1937.

*González Fagundo & González, Jr.,* for petitioner. *Miguel A. Burset* for Messrs. Sellés and Villafañe.

Mr. Justice Travieso delivered the opinion of the court.

Santos Buxó, Jr., claims that the respondent judge herein has nullified his right to execute a judgment rendered in his favor by the District Court of Humacao on March 13, 1934, and he prays the issuance by this court of a writ of prohibition commanding the respondent to refrain from any proceeding to that effect. An alternative writ was issued, and besides the petitioner, there appeared at the hearing of the proceeding, as interested parties therein, Emigdio Osvaldo Sellés Roldán and Pedro Villafañe Cuevas, who have filed a motion to discharge and set aside the writ issued.

The petitioner alleges that on March 13, 1934, he obtained a judgment rendered by the District Court of Humacao against Emigdio Osvaldo Sellés Roldán, Pedro Villafañe Cuevas, and the latter's wife, María Collazo, in an action of debt, No. 17415; that the defendants therein appealed from the judgment and moved for a new trial, which was granted by an order of June 29, 1934, which order was subsequently reversed by this Supreme Court (see *Buxó* v. *Sellés,* 48 P.R.R. 808, and 49 P.R.R. 211); that on June 26, 1936, this court

dismissed at his request the appeal taken from the judgment of March 13, 1934 (see *Buxó* v. *Sellés,* 50 P.R.R. 220); that after the judgment rendered in suit No. 17415 had thus become final (*firme*), the District Court of Humacao, in suit No. 17056, brought by Emigdio Osvaldo Sellés Roldán and Pedro Villafañe Cuevas against Santos Buxó, for the extinction of obligations and cancellation of mortgage, "varying the title of the case and designating the defendant Santos Buxó, Jr.," issued an *ex parte* order at the request of the plaintiffs to secure the effectiveness of the judgment, which in its pertinent part reads as follows:

"In view of the motion of the plaintiffs, Emigdio Osvaldo Sellés Roldán and Pedro Villafañe Cuevas, to secure the effectiveness of the judgment which they have demanded to obtain against Santos Buxó, Jr., . . .; and *the original and the supplemental complaints having been examined,* . . . it is ordered that the judgment the object of the petition of the plaintiffs be secured . . . and as a prerequisite for the enforcement of this order . . . there shall be furnished a cash bond in favor of the said defendant . . . for the sum of $900.

"As a measure to secure the effectiveness of the judgment, the defendant is enjoined from taking any steps to execute the judgment rendered by this District Court of Humacao, on March 13, 1934, in civil suit No. 17415 brought for the collection of those rentals, and it is further ordered that all proceedings for the execution of the same shall be stayed, and the defendant Santos Buxó, Jr., is warned that he will be subject to punishment as for contempt of court and to other civil liabilities in case of disobedience." (Italics ours.)

The petitioner further alleges that the plaintiffs in suit No. 17056 attached to the motion praying for the security of any judgment that might be rendered, a supplemental complaint against Santos Buxó, Jr., "which has not been allowed by the lower court"; that the respondent judge lacked jurisdiction to decree the attachment requested from him, as Santos Buxó, Jr., is not a party to suit No. 17056, and this suit is pending decision before this Supreme Court, to which the defendant Santos Buxó has taken an appeal from an adverse decision in an incident thereof; that the

order to secure the effectiveness of the judgment tends to defeat his legal right to execute the judgment of March 13, 1934, and that he can not appeal from said order because he was not a party to the suit wherein it was made.

In their written opposition to the petition which, unlike the latter, was not verified, Emigdio Osvaldo Sellés and Pedro Villafañe Cuevas state that the writ issued should be quashed and set aside:

"1. Because the writ of prohibition being an extraordinary remedy of a preventive and not of a remedial nature, it can not be used, as the petitioner seeks, by way of a proceeding for review, writ of error, certiorari, or appeal.

"2. Because the writ of prohibition can only be used to prevent or restrain a lower court from the commission of acts or facts in excess of its jurisdiction or to avoid and restrain such actions of an inferior court as would tend to defeat a legal right of a party, and its issuance never lies to undo or reverse actions already effected and completed.

"3. Because the writ of prohibition does not lie, as it comes too late, and the conduct of the petitioner amounts to laches.

"4. Because the petitioner has not shown in his petition that the action of the respondent court causes him extraordinary damages, and, therefore, its issuance does not lie.

"5. Because the writ of prohibition being an extraordinary remedy, it does not lie where the petitioner does not show in his petition that he has no adequate and effective remedy in the ordinary course of law; and because the petitioner has available an adequate and effective remedy in the ordinary course of law."

The question to be determined is whether Santos Buxó, Jr., has satisfactorily shown that he is not one of the defendants in suit No. 17056, brought by Osvaldo Sellés Roldán and Pedro Villafañe Cuevas in the District Court of Humacao, for if he has failed to make that showing, then the petition herein should be denied and the alternative writ issued should be discharged.

The petitioner in the sixth paragraph of the petition says that with the "motion to secure the effectiveness of the judgment, there was filed a supplemental complaint

against Santos Buxó, Jr., which has not been allowed by the court, and thereupon the District Court of Humacao, acting *ex parte,* and without hearing Santos Buxó, the defendant in suit No. 17056, nor Santos Buxó, Jr., the plaintiff in suit No. 17415, who had obtained a judgment in his favor, issued an order which literally copied reads as follows.'' Here followed the full text of the order issued by the court to secure the effectiveness of the judgment. We have already transcribed such provisions of that order as are material to the decision of this proceeding, and it appears from the terms thereof that the respondent judge considered and weighed the scope of the supplemental complaint, and even regarded the same as admitted, before issuing the order to secure the effectiveness of the judgment, for as we have seen, he says therein ''the original and the supplemental complaints having been examined . . . . it is ordered that the judgment be secured,'' etc. Therefore, the application of the petitioner appears to be contradictory in itself as to a fact of vital importance for the success of his proceeding. We must presume, in accordance with subdivision 18, section 464 of the Code of Civil Procedure (Law of Evidence), that when Emigdio Osvaldo Sellés Roldán and Pedro Villafañe Cuevas asked leave to file a supplemental complaint in suit No. 17056 in compliance with the provisions of section 134 of the Code of Civil Procedure, the respondent judge passed upon that question. This seems to have been done by him, according to the order issued by him to secure the effectiveness of the judgment. The allegations to the contrary made by the petitioner in his application are not sufficient to destroy the effect of that presumption. It does not appear from the record that the judge refused the requested leave for filing the supplemental complaint against Santos Buxó, Jr. It appearing from the order to secure the effectiveness of the judgment that the judge considered the supplemental complaint and regarded the same as admitted, we must reach the conclusion that Santos Buxó, Jr., has not satisfactorily established before

this court that he is not one of the defendants in said suit No. 17056. Although they have no strict application herein, see the following cases: *Díaz et al.* v. *Cividanes,* 37 P.R.R. 277; *Ruiz* v. *Municipal Judge of Aguadilla et al.,* 33 P.R.R. 169; *Sucs. Abarca & Co., Ltd.,* v. *Central Vannina,* 23 P.R.R. 526; *Gaddis* v. *Grant,* 39 Cal. App. 437; *Segerstrom* v. *Scott,* 16 Cal. App. 256; *Burnham* v. *Abrahamson,* 21 Cal. App. 248; *Erving* v. *Napa Valley Brewing Co.,* 18 Cal. App. 135; *Livermore* v. *Webb,* 56 Cal. 489; *Canadian etc. Co.* v. *Clarita etc. Co.,* 140 Cal. 672; *Riverside County* v. *Stockman,* 124 Cal. 222.

Section 3 of the Act to Secure the Effectiveness of Judgments provides, among other things, that "none of the preceding remedies shall be decreed, unless an action is entered, and a petition praying such remedy is made." The supplemental complaint was filed in suit No. 17056, and was directed against Santos Buxó, Jr. As we have seen, the petitioner has failed to show that the respondent judge refused leave to file the same. Consequently, it was proper to order a stay in the execution of the judgment which Santos Buxó, Jr., had obtained in suit No. 17415, in view of the holding of this court in *Goffinet et al.* v. *Polanco,* 30 P.R.R. 768, thus:

"The other aspect of the question presented by the petitioners is that if the respondent should execute the judgment for $9,923 without awaiting the decision of the principal action wherein this injunction is asked for, the petitioners would have no way of deducting the respondent's claim of $9,923 from their larger claim. We think, however, that an injunction is not the appropriate remedy in this case. The petitioners could have found an adequate remedy under the Act to secure the effectiveness of judgments of March 1, 1902. Section 2 of the said Act prescribes the rules to which an attachment must conform. Some of these rules produce the same effect and fulfill the same purposes as an injunction, and besides specifying the cases to which they are applicable, subdivision (*h*) of the Act establishes a general rule covering all cases not provided for by the preceding rules and gives the lower court equitable discretion to adopt the proper measures to secure the effectiveness of the judgment in case the action should prevail."

Therefore, it does not appear, as the petitioner maintains, that any of his legal rights has been defeated, nor does it appear to have been established that the respondent judge acted without jurisdiction in issuing the order to secure the effectiveness of the judgment in suit No. 17056 because an appeal in that suit was pending before this Supreme Court, since the District Court of Humacao did not lose its jurisdiction to decree the security of the judgment, in conformity with *Gandía* v. *Porto Rico Fertilizer Company*, 30 P.R.R. 243.

For the reasons stated, and without considering those adduced by Emigdio Osvaldo Sellés Roldán and Pedro Villafañe Cuevas, the petition filed must be denied, and the alternative writ issued on February 23, 1937, must be annulled.