BERNARD V. PROVENZANO, ᴅʙᴀ OK PLUMBING & HEATING COMPANY, Aᴘᴘᴇʟʟᴀɴᴛ, *v.* HORACE SHIDLER ᴀɴᴅ HAROLD SHIDLER, ᴅʙᴀ HORACE SHIDLER & SON ᴀɴᴅ Iɴᴅɪᴠɪᴅᴜᴀʟʟʏ, ᴀɴᴅ HORACE SHIDLER & SON, INC., ᴀ Nᴇᴠᴀᴅᴀ Cᴏʀᴘᴏʀᴀᴛɪᴏɴ, Rᴇsᴘᴏɴᴅᴇɴᴛs.

No. 3606

March 15, 1951. 229 P.2d 145.

*Emilie N. Wanderer,* of Las Vegas, for Appellant.

*Harry E. Claiborne* and *Michael L. Hines,* both of Las Vegas, for Respondents.

## OPINION

By the Court, BADT, C. J.:

The question involved in this appeal is whether the trial court committed error in sustaining defendants' motion to preclude evidence. The order complained of was made under the provisions of sec. 8624, N.C.L.1929, which reads as follows: "It shall not be necessary for a party to set forth in a pleading the items of an account therein alleged, but he shall deliver to the adverse party within five days after a demand thereof, in writing, a copy of the account, or be precluded from giving evidence thereof. The court, or a judge thereof, may order a further account when the one delivered is too general, or is defective in any particular."

Plaintiff's complaint alleges "that on the respective dates indicated upon the statements annexed hereto * * * designated as exhibits A to Z–1 inclusive, the plaintiff, upon the dates therein indicated" performed certain labor, "the nature of which is on each exhibit indicated," at the instance and request of the defendants at the agreed price of $3,908.94, which was the reasonable value thereof and which the defendants agreed to pay. The exhibits referred to aggregate 26 (X being missing). Each such exhibit, excepting exhibits K, M, S, W and Z–1 contains a list of plumbing fittings and items of labor giving the exact quantities of linear feet

of specified sized pipe, nipples, ells, etc., numbers of hours of labor, etc., with unit prices, extended prices for each item and total on each exhibit and with the respective dates on which the items were furnished. Exhibit W involves an item of $2.85, upon which we shall waste no time. The others in question are as follows: Exhibit K, "Balance due on plumbing contract on Bar W Ranch $1754"; Exhibit M, "Balance due on plumbing contract on Old West Motel $100"; Exhibit S, "Balance due on plumbing contract Holst Job $225"; Exhibit Z–1, "Balance due on plumbing contract N. Bennett Job $1200."

On March 16, 1948 defendants served on plaintiff a written demand that a bill of particulars be furnished within five days, "stating in detail the facts, dates, time, amounts, occasions and the nature of said contracts" on which plaintiff relied.[1] On June 29, 1948 defendants served a second and similar written demand for a bill of particulars. The bill of particulars was not furnished, and on July 30, 1948 defendants filed an answer and cross complaint. On September 24, 1948, at plaintiff's request, trial date was set before a jury for December 15, 1948. On December 7, 1948 defendants served plaintiff with a notice that on December 13 defendants would move for an order precluding plaintiff "from giving in evidence any matter pertaining to the accounts, allegations and things mentioned in the plaintiff's complaint herein, at the trial of this cause, on the ground that plaintiff has failed to deliver to the defendant a copy of said account and bill of particulars * * *." No reporter's transcript of the proceedings of December 13 is in the record, but defendants quote from an affidavit that was before the trial court reciting that the trial judge at that time stated: "I will continue this matter until the hour of 10:00 A.M., December 15, 1948. I will rule at that time; in the meantime we will see what

---

[1] Plaintiff raises a question as to the actual service and receipt of this demand, but we take the record as we find it and as the trial court had authority to regard it.

the attorney for the plaintiff (appellant) does with reference to this bill of particulars." Plaintiff does not deny that such statement was made. The clerk's minutes of that date show only the order continuing the matter to December 15. It receives support however from the clerk's minutes of December 15 which recite the submission to the court of defendants' motion to preclude evidence, and then state: "* * * and counsel for plaintiff having failed to provide the bill of particulars within the time allowed, or at all, and no bill of particulars or accounting having been furnished defendant, by the court Ordered that the motion be and the same hereby is granted as to exhibits K-M-S-W and Z-1 attached to said complaint." The fact that the court made the remarks quoted is also supported by the oral argument of plaintiff's counsel on the appeal to this court in which it was stated: "On March 15th Judge McNamee asked, 'Did you produce a bill of particulars?' "

Despite these circumstances, plaintiff, on this appeal, contends that the order was erroneous because (1) defendants knew the facts relied upon by plaintiff; (2), (3) because by filing an answer and cross complaint defendants had waived their demand for a bill of particulars; (4), (5) because defendants were guilty of laches in serving their notice of motion to preclude; and (6) that the order was in the nature of "the imposition of a penalty and contrary to the ends of justice." There is nothing in the record to support the factual matters of the foregoing assignments. However, plaintiff contends that the defendants' remedy was rather under the provisions of sec. 8623, N.C.L., which reads as follows: "Sham and irrelevant answers and replies and so much of any pleading as may be irrelevant, redundant or immaterial, may be stricken out on motion, and upon such terms as the court, in its discretion, may impose. When any pleading is too general in its terms to be readily understood, the court may, on motion, require the

same to be made more specific and certain, or may require a bill of particulars to be filed therewith."

In view of the procedure authorized under sec. 8624 above quoted, we see no merit in this contention. It is earnestly contended, however, that even under the provisions of sec. 8624, the plaintiff did as a matter of fact submit his account by each of the said exhibits and that therefore the only remedy available to defendants was to seek an order for a further account if the ones contained in the exhibits were too general or were defective. We have noted, however, that in each instance the exhibit, made a part of the complaint by reference, was simply "Balance due on plumbing contract"—each of such questioned items being followed by notation "Bar W Ranch" etc. That each of said four items entitled the defendants to demand a bill of particulars is, we think, clear. Plaintiff persistently refused not only to comply with defendants' demand but to take advantage of the opportunity given by the trial court even up to the moment of trial, and plaintiff's briefs filed in this court insist upon his right "to have his day in court," and to prove the allegations of his complaint without furnishing any bill of particulars in response to defendants' demand.

Appellant contends that, inasmuch as the term "bill of particulars" is used only in sec. 8623 and is not found in sec. 8624, it is only under the former section that plaintiff's demand for a bill of particulars can operate, and that in such case plaintiff is required to furnish a bill of particulars only by order of the court; that no such order was made in the instant case; that, under a remedy so drastic as being precluded from giving evidence, defendants must have clearly brought themselves under the provisions of 8624; that they should have demanded, not a bill of particulars, but a copy of the account; that the demand was too general and was not directed to items K, M, S and Z-1, to which the order of preclusion applied; that in any event the plaintiff had furnished an account, attached to his complaint, and

238

that if it was too general, a further account (the failure
to furnish which could result in an order precluding
evidence) could be compelled only by an order of the
court or judge and not by a demand.

The cumulation of these points is not without con-
siderable force as applied generally. A defendant who
looks to such a drastic remedy as precluding the plain-
tiff from offering evidence should undoubtedly be held
to a precise and specific demand as to the items or par-
ticulars required by him. Yet the particular phrase-
ology to be used in his demand is not important. It is
not prescribed by the statute. Elmore v. Tingley, 78
Cal.App. 460, 248 P. 706. Under sec. 454, C.C.P.Cal.,
virtually identical with our own, and in which the term
"bill of particulars" is not mentioned, the California
courts have repeatedly taken it for granted that a
demand for a bill of particulars was equivalent to a
demand for a copy of an account. It was so considered
in Pike v. Zadig, 171 Cal. 273, 152 P. 923; in Gaddis
v. Grant, 39 Cal.App. 437, 179 P. 410; in Cromer v.
Strieby, 54 Cal.App.2d 405, 128 P.2d 916, and other
cases. Indicating the lack of importance accorded to
the precise wording used in the demand the California
courts have referred to the right to demand "a state-
ment of the particulars,"[2] the "items of an account,"[3]
"more particular information,"[4] "the items of the claim,"[5]
"more particular information as to the items,"[6] "further
particulars,"[7] etc. Under a somewhat similar statute,
the supreme court of Washington refers to the furnish-
ing of a "bill of particulars." Sanborn v. Dentler, 97
Wash. 149, 166 P. 62, 63, 6 A.L.R. 749.

[2]Salinas Valley Lumber Co. v. Magne-Silica Co., 159 Cal. 182, 112
P. 1089, 1090.
[3]Gaddis v. Grant, 39 Cal.App. 437, 179 P. 410, 411.
[4]Pleasant v. Samuels, 114 Cal. 34, 45 P. 998, 999.
[5]McFarland y. Holcomb, 123 Cal. 84, 55 P. 761, 762.
[6]Farwell v. Murray, 104 Cal. 464, 38 P. 199, 200.
[7]Knight v. Russ, 77 Cal. 410, 19 P. 698.

Viewing the defendants' two demands for a bill of particulars realistically, it is obvious that the same referred directly to exhibits K, M, S and Z-1 attached to the complaint. In all the other exhibits items were particularized in the greatest detail. Only in these four exhibits, each one in a material sum, do we find an entire lack of itemization. Only in these four do we find one single item set out as "Balance due." Only in these four do we find reference to a contract, to which attention is specifically directed in the demand itself. There was no reasonable chance that plaintiff could have misunderstood the fact that the demand was directed to these items. It is obvious also that these four items must have been the subject of the discussion when the motion to preclude came on for hearing on December 13, at which time the court continued the matter to December 15, the day set for the trial. On the last mentioned date, when it developed in response to the court's inquiry that the bill of particulars had not been furnished, the court made its order precluding testimony as to exhibits K, M, S and Z-1. It is under these circumstances that we hold that the defendants properly made their demand under the provisions of N.C.L. sec. 8624, and that plaintiff subjected himself, on failure to comply, to the order complained of.

The motion in question was addressed to the sound discretion of the trial court, and we are unable to say that the granting of the motion was not in the exercise of a sound discretion, McManus v. Larson, 122 Cal.App. 716, 10 P.2d 523, which case is very much in point as to the law and facts under California code sections from which ours were taken.

The contention that defendants were barred by their laches from seeking an order to preclude evidence is, in our opinion, not well taken. Nor are we impressed

by the assignment that the filing by the defendants of their answer and cross complaint constituted a waiver of their demand for a bill of particulars. Such bill of particulars is not limited to the purpose of enabling defendants to prepare their answer. It is for the additional purpose of enabling them to prepare for trial.

After the entry of the court's order granting defendants' motion to preclude, the record indicates that plaintiff then moved for a continuance, which was denied by the court. Plaintiff assigns this as error, but the granting or denial of such motion was likewise within the court's sound discretion. It also appears that defendants' cross complaint had sought a judgment against plaintiff for $1,044.99, and that in reply plaintiff had denied any indebtedness to defendants exceeding the sum of $750, which he was willing to pay subject to an offset of $250, thus entitling defendants to a credit in the sum of $500 against plaintiff's original demand. Defendants advised the court that they were willing to confess judgment on the pleadings and the court entered judgment accordingly, and thereafter denied plaintiff's motion for new trial, upon which the same points were urged. We find no error in any of the proceedings. The judgment and order denying new trial are hereby affirmed, with costs.

EATHER, J., concurs.

HORSEY, formerly Chief Justice, did not participate, his term of office having heretofore expired.

MERRILL, J., having become a member of the court after said matter was argued and submitted, did not participate.